STANLEY KOSIBA, Respondent, *v.* THE CITY OF SYRACUSE and HYACINTH J. LUEBBERMAN, Appellants.

Fourth Department, November 13, 1940.

*Stone, Marvin & Hand* [*P. Sidney Hand* of counsel], for the appellant Luebberman.

*George Driscoll,* for the appellant City of Syracuse.

*David M. Hayman* [*Albert Averbach* of counsel], for the respondent.

Per Curiam.   Ordinarily a municipal corporation cannot be sued for damages arising from the negligence of its officers and agents while in the discharge of their duties unless it consents to be sued pursuant to legislative enactment.   By section 244 of the Second Class Cities Law certain municipal governments consent to be sued for damages arising out of certain torts of their agents, officers or employees.   Municipal corporations, however, never consented to accept liability for the negligence of their agents, officers, employees or appointees committed while in the discharge of purely governmental functions until the enactment of section 50-c of the General Municipal Law and that section gives no cause of action against the municipality itself for such torts.   Section 50-c merely requires the municipality to indemnify its appointee against any liability he might incur arising from his negligence while engaged in the performance of a governmental function imposed upon the municipality.   The defense of " governmental function " is not now and never has been available to the appointee of a municipality.   The city was properly joined as a defendant since, in the event of a recovery against its appointee and codefendant herein, it would be liable over to him.   (Gen. Municipal Law, § 50-c; Civ. Prac. Act, § 193.)   The fact that the city may be liable over to its appointee is not to be construed as meaning that the city has consented to be sued in this or similar actions.   The city is not liable over to its appointee unless the injured party shall serve on the appointee and on the city, thirty days before action is instituted, the written notices required to be given and served under section 50-c of the General Municipal Law.   The plaintiff failed to serve upon the defendants the written notices as required by that section.   Moreover, service of the notices as required by section 50-c was a condition precedent to the maintenance of this action to be pleaded and proved by the plaintiff.   Service of such notice was not made on the defendant appointee until the summons was served on him. The notice was never served on the defendant city.   The plaintiff served the notices on the defendant city provided for in section 244 of the Second Class Cities Law.   Even if we should hold that the service of the notices, prescribed by section 244, on the city was a substantial compliance with section 50-c, the failure to serve the notice, as required by section 50-c, on the defendant appointee is nevertheless fatal to a recovery and prevents the maintenance of this action against either defendant.

All concur, except Harris, J., who concurs in so far as the dismissal as to defendant Luebberman is concerned but dissents and votes for affirmance as to the defendant City of Syracuse, in an opinion.

Present — CROSBY, P. J., TAYLOR, DOWLING, HARRIS and McCURN, JJ.

HARRIS, J. (dissenting in part). The questions raised in this appeal are as follows:

I. Failure of the plaintiff-respondent to comply with statutory provisions set forth in General Municipal Law, section 50-c.

II. Contributory negligence.

III. The exclusion of certain offered testimony.

Briefly summarized, with the view most favorable to the plaintiff, we have the situation of the plaintiff crossing the street (not at a cross street) while it was dark, looking properly for danger, and not seeing the car driven by the defendant Luebberman, because the car was without lights until such car was within a few feet of him and that there was no warning given of the approach of the car. Believing this testimony which was corroborated in part as to the lights by the witnesses Fowler and Lynch, and as to the lack of signal which was corroborated by the witness Fowler, the jury were warranted in finding freedom of contributory negligence on the part of the plaintiff.

The contention as to the improper exclusion of testimony arose from the fact that to combat the testimony of the plaintiff as to his employment, the defendants offered the testimony of an investigator (Kliman) in the department of welfare as to assistance given by that department to the plaintiff. The witness Kliman was not permitted to testify, apparently because he was not authorized by his superior to divulge the contents of departmental files. (Public Welfare Law, § 155.) This ruling excluding the testimony was erroneous because section 155 of the Welfare Law is another shield of privilege that may not be used as a sword. However, the defendants' counsel on the trial was apparently satisfied with the ruling. In addition to this the testimony as to the injuries and necessary disbursements was amply sufficient to sustain the verdict. In this connection it is interesting to note that the defendants raise no question of excessive verdict.

To my mind the real question on this appeal is the contention in regard to the failure to comply with the statutory provisions contained in section 50-c of the General Municipal Law.

The defendant Luebberman was a policeman employed by the city of Syracuse and at the time of the accident was acting in the course of his employment, driving a so-called prowl car along the Erie boulevard, a public highway in the city of Syracuse. The accident occurred December 6, 1938. On March 4, 1939, the defendant Luebberman was served with a summons dated March 3,

1939, which summons is directed to both defendants. There is proof in the case from which the jury could find, and did find, that at the time that the summons was served on the defendant Luebberman there was also served on him the claim and notice of intention to sue. After the service of this paper and the summons on the defendant Luebberman and the service of the claim and notice of intention to sue on the various officers of the city of Syracuse, which last named service was made on March 2, 1939, no further papers were served in this matter until the 15th day of August, 1939, when there was served on the city of Syracuse a summons and a complaint, which summons was dated July 28, 1939. The complaint had attached thereto a copy of the claim and notice of intention to sue. Issue was joined and the action came to trial on January 22, 1940. Up to this time there was no reference in any of the papers to the provisions of section 50-c of the General Municipal Law. It is to be noticed that the claim and notice of intention to sue starts out as follows: " Please Take Notice that pursuant to the provisions of Section 244 of the Second Class Cities Law and any amendments thereto."

At the opening of the trial the counsel for the plaintiff asked that he be permitted to amend his complaint. Apparently he sought the benefit (if he could obtain the same) of section 50-c of the General Municipal Law. Such amendment was permitted over the objection of the defendants. Section 50-c of the General Municipal Law is as follows: " Every city, town and village, notwithstanding any inconsistent provision of law, general, special or local or the limitation contained in the provisions of any city charter, shall be liable for, and shall assume the liability to the extent that it shall save harmless any duly appointed policeman or fireman of the municipality for, the negligence of such appointee in the operation of a vehicle upon the public streets or highways of the municipality in the discharge of a statutory duty imposed upon such appointee or municipality, provided the appointee at the time of the accident, injury or damages complained of, was acting in the performance of his duties and within the scope of his employment. A policeman or fireman of a municipality, although excused from official duty at the time, for the purposes of this section, shall be deemed to be acting in the discharge of duty when engaged in the immediate and actual performance of a public duty imposed by law and such public duty performed was for the benefit of all the citizens of the community and the municipality derived no special benefit in its corporate capacity. No action or special proceeding instituted pursuant to the provisions of section fifty-b or fifty-c of this chapter, shall be prosecuted or maintained against the municipality and

appointee, unless it shall appear by and as an allegation in the complaint or the moving papers that at least thirty days have elapsed since the demand, claim or claims upon which such action or special proceeding is founded were presented to the comptroller, or corresponding officer, of said municipality and the appointee for adjustment, and that adjustment or payment thereof has been neglected or refused for thirty days after such presentment; and in the case of claims against said municipality or appointee, accruing after the passage of this act for personal injuries or damages to real or personal property, or for destruction thereof, no action thereon shall be maintained against said municipality and appointee, unless such action shall be commenced within one year after the cause of action therefor shall have accrued, nor unless notice of the intention to commence such action and of the time when and the place where the damages were incurred or sustained, together with a verified statement showing in detail the property alleged to have been damaged or destroyed, and the value thereof, shall have been filed with the comptroller of said municipality and with the appointee within six months after such cause of action shall have accrued."

In their brief the defendants claim that this action could not be maintained because the plaintiff failed to comply with a condition precedent to the maintenance of the action, to wit: observance of and pleading of the observance of section 50-c of the General Municipal Law. Much of the discussion in the briefs of appellants and respondent is on the question of whether or not it was necessary under such section 50-c as a condition precedent, to plead and to establish on trial that at least thirty days had elapsed since the demand or claim had been presented to the city and to the appointee (Luebberman) for adjustment, and whether or not it was necessary that thirty days elapse between the time that the claim was presented to the two defendants and the time of the commencement of the action. On this question of thirty days the plaintiff argues that he had complied with the provisions of section 50-c when he was permitted to amend his complaint in that respect; his theory being that the words " prosecute or maintain " do not mean performance of this condition prior to the service of the summons, but mean the performance of the condition any time up to the trial. On this I think he is wrong. " Prosecute or maintain " have reference to the commencement of an action. (*Mahar* v. *Harrington Park Villa Sites*, 204 N. Y. 231; *Neuchatel Asphalte Co.* v. *Mayor*, 155 id. 373; *Mertz* v. *City of Brooklyn*, 33 N. Y. St. Repr. 577; affd., 128 N. Y. 617.) In other words, the plaintiff had to show on trial that at least thirty days prior to the service of the summons he had served the notice called for in section 50-c, provided such

service was necessary in this action. Now, on this side of the lawsuit, we have an unusual situation: The proof was, and the jury found, that the defendant Luebberman was served with the claim at the same time that he was served with the summons; so certainly thirty days did not elapse so far as the service of the summons on the defendant Luebberman was concerned. However, when it comes to the service on the city of Syracuse, then we have here a summons dated in July which was served on the defendant city considerably more than thirty days after the service of claim and notice of intention to sue. Now, in reference to claim and notice of intention to sue there is another troublesome feature. I refer to the quotation at the beginning of the paper with respect to the Second Class Cities Law, which is quoted above. This language is that ordinarily used in the service of a claim of any sort against a second-class city, and is not in the language of, and has not specific reference to, section 50-c. But if that were the only question to be considered, then when it is all said and done, the notice itself plainly showed that the plaintiff-respondent was presenting a claim growing out of the negligence of Luebberman for negligence in driving an automobile in the city on city business and under the authority of the city. So in this regard, to my mind, the form of notice is sufficient to come under section 50-c. However, my thought is that this appeal and the question of the application of section 50-c of the General Municipal Law should be disposed of on an entirely different ground, which is as follows: The real basis for liability and for the bringing of the cause of action against the defendant city, so far as the plaintiff is concerned, is contained in the provisions of section 50-a of the General Municipal Law, which section is as follows: " Every city, town and village shall be liable for the negligence of a person duly appointed by the governing board or body of the municipality, or by any board, body, commission or other officer thereof, to operate a municipally owned vehicle upon the public streets and highways of the municipality in the discharge of a statutory duty imposed upon the municipality, provided the appointee at the time of the accident or injury was acting in the discharge of his duties and within the scope of his employment. Every such appointee shall, for the purpose of this section, be deemed an employee of the municipality, notwithstanding the vehicle was being operated in the discharge of a public duty for the benefit of all citizens of the community and the municipality derived no special benefit in its corporate capacity."

By the enactment of this section the State did away in certain cases with the rule of non-liability for negligence in the discharge of governmental functions. (*Babcock* v. *McCaffrey*, 165 Misc. 103;

*Matter of Evans* v. *Berry*, 262 N. Y. 61.) To my mind this section (50-a) is the one that creates liability on the part of the municipality and is the basis of an action against the municipality for the negligence of certain employees among which under the proof in this case would be the employee Luebberman. As I read section 50-c of the General Municipal Law and its companion sections, 50-b and 50-d, what the Legislature did in enacting 50-b, 50-c, 50-d, was not to create new causes of action on the part of the one injured through the negligence of an employee of the municipal corporation in so far as such cause of action benefited the injured person, but the Legislature by these three sections made the municipality stand as an indemnitor to the appointee himself; and as a corollary to this means of indemnification required that the notice specified in section 50-c be served in those cases where either the appointee was sued alone, or the city and the appointee were sued, in order that the appointee could have the protection of the indemnification. (*Derlicka* v. *Leo*, 281 N. Y. 266.) In this case last above cited we have expressed the thought of indemnification and who is to be benefited by that indemnification. In section 50-a we have the real basis of liability in so far as the injured person and the municipality are concerned. The action herein would lie against the municipality without the service of any claim under the provisions of section 50-c, and all that was necessary for the claimant to do in reference to filing a claim, in so far as the defendant city is concerned, was as called for by section 244 of the Second Class Cities Law which is the way the claim herein was drawn and served. The judgment, in so far as being against the city of Syracuse is concerned, should be affirmed. In so far as the defendant Luebberman is concerned, there being no notice served as a condition precedent as called for in section 50-c (*Derlicka* v. *Leo*, *supra*), judgment against him should be reversed and in so far as he is concerned the complaint should be dismissed.

Judgment reversed on the law and facts, with costs, and complaint dismissed, with costs.