### (March 19, 1941.)

GEORGE KRAUSS, Appellant, v. JAMES LAYMAN, Respondent.

▬▬▬▬▬▬▬▬▬▬▬

The action was instituted by the plaintiff for the recovery of damages for injuries which arose out of an accident occurring in the city of Rensselaer on the 29th day of July, 1938, while the plaintiff was crossing a street on which the defendant was operating an automobile.

The complaint alleges that at all the times hereinafter mentioned the defendant was driving, managing and operating an automobile which was the property of the municipality of the city of Rensselaer, N. Y., as a police officer of said city. The action was instituted solely against the operator of the car. No claim was ever filed or action instituted against the city of Rensselaer.

At the opening of the trial counsel for the defendant moved to dismiss the complaint upon the ground that it did not allege compliance with the provisions of section 50-c of the General Municipal Law. The trial court granted the motion to dismiss on the authority of the provisions of sections 50-a, 50-b and 50-c of the General Municipal Law upon the authority of *Derlicka* v. *Leo* (281 N. Y. 266).

The plaintiff cannot maintain his action under his present complaint without having complied with the provisions of the General Municipal Law. (*Kosiba* v. *City of Syracuse*, 260 App. Div. 557.)

The judgment appealed from should be affirmed, with costs.

Judgment affirmed, with costs.

Hill, P. J., Crapser, Bliss and Foster, JJ., concur; Heffernan, J., dissents, in a memorandum.

HEFFERNAN, J. (dissenting). I dissent and vote to reverse the judgment and order under review. In my opinion the complaint states a good cause of action.

Section 50-c of the General Municipal Law was not intended to and does not exempt a tort feasor, although engaged in a governmental function, from his common-law liability for negligence. This statute is remedial and its evident purpose is to provide an injured person with a remedy not granted to him by the common law. The statutes being in derogation of the common law must be strictly construed as to defendant.

In the case before us plaintiff is not seeking to hold the municipality*and hence compliance by him with the provisions of the statute is not required.

The case of *Derlicka* v. *Leo* (281 N. Y. 266), cited to sustain the view of the majority, has no application to the facts in our case. The *Derlicka* case arose under section 50-d of the General Municipal Law, a statute entirely different in its phraseology from that which we are construing. Section 50-d imposes upon a municipal corporation ultimate liability for damages for personal injuries sustained by reason of the malpractice of a physician or dentist while rendering medical or dental services, gratuitiously, to a person in a public institution maintained by the municipality. It is to be noted that the statute comprehends actions against *either* the municipal corporation *or* a physician *or* a dentist.

In the case at bar plaintiff is seeking relief solely against the negligent police officer. If ultimately successful he must look only to that official for the satisfaction of his claim. The city is not liable over to plaintiff because of his failure to serve the notices required by section 50-c of the law in question. (*Kosiba* v. *City of Syracuse*, 260 App. Div. 557.)