STANLEY KOSIBA, Appellant, *v.* CITY OF SYRACUSE et al., Respondents.

Argued December 3, 1941; decided January 15, 1942.

*Victor Levine, Albert Averbach* and *David M. Hayman* for appellant. The complaint should not have been dismissed as against the city since section 50-c of the General Municipal Law (Cons. Laws, ch. 24) is expressly made applicable only to actions under sections 50-b and 50-c, and the action against the city was properly brought under section 50-a of the General Municipal Law and section 244 of the Second Class Cities Law (Cons. Laws, ch. 53). (*Matter of Evans* v. *Berry,* 262 N. Y. 61; *Ottmann* v. *Village of Rockville Centre,* 273 N. Y. 205; *Rothman* v. *City of New York,* 261 N. Y. 596; *Miller* v. *Town of Irondequoit,* 243 App. Div. 240; *Schwartz* v. *City of New York,* 25 N. Y. Supp. [2d] 964; *Berger* v. *City of New York,* 260 App. Div. 402.) The service on the police officer of a summons with the notice of intention to sue was a compliance with section 50-c of the General Municipal Law. (*Brehm* v. *City of New York,* 104 N. Y. 186; *Burns* v. *Lopez,* 256 N. Y. 123; *Mahar* v. *Harrington Park Villa Sites,* 204 N. Y. 231; *Neuchatel Asphalte Co.* v. *Mayor,* 155 N. Y. 373; *Merz* v. *City of Brooklyn,* 33 N. Y. St. Repr. 577; 128 N. Y. 617.) Even if it be held that the plaintiff has not complied with section 50-c the complaint should not be dismissed as against the city, but only as against the

individual defendant. (*McIntosh* v. *Ensign*, 28 N. Y. 169; *Stedeker* v. *Bernard*, 102 N. Y. 327; *Alaska Banking & Safe Deposit Co.* v. *Van Wyck*, 146 App. Div. 5; *Shultz* v. *United States F. & G. Co.*, 134 App. Div. 260; *Lawton* v. *Partridge*, 111 App. Div. 8; Civ. Prac. Act, § 192.)

*P. Sidney Hand* for respondents. The plaintiff is subject to the limitations contained in sections 50-b and/or 50-c of the General Municipal Law and the action of the Appellate Division in reversing the judgment and dismissing the complaint was correct. (*Derlicka* v. *Leo*, 281 N. Y. 266; *Winter* v. *City of Niagara Falls*, 190 N. Y. 198; *Babcock* v. *McCaffrey*, 165 Misc. Rep. 103; *Reining* v. *City of Buffalo*, 102 N. Y. 308; *Circle Cab Corp.* v. *Rizzuto*, 162 Misc. Rep. 547.) The service of the summons at the same time with the alleged notice of claim and intention to sue on the police officer, one of the defendants in the action, was not a compliance with section 50-c of the General Municipal Law. (*Threat* v. *City of New York*, 159 Misc. Rep. 868; *New York Times Co.* v. *Sun Printing & Pub. Assn.*, 204 Fed. Rep. 586; *Matter of Keep*, 241 App. Div. 556; 266 N. Y. 583; *Casey* v. *City of New York*, 217 N. Y. 192; *Hill* v. *Board of Supervisors*, 119 N. Y. 344; *Levbard* v. *Travelers Ins. Co.*, 257 App. Div. 852; *Hirschback* v. *Ketchum*, 5 App. Div. 324; *Grasso* v. *Holbrook, Cabot & Daly Constr. Co.*, 102 App. Div. 49.)

LOUGHRAN, J. On December 6, 1938, plaintiff while crossing Erie Boulevard West in the city of Syracuse was struck by an automobile owned by the city and operated by one of its police officers — Luebberman — who then and there was acting in the discharge of his duties and within the scope of his employment. Judgment for damages so suffered by the plaintiff was entered in his favor on the verdict of a jury against the city and Luebberman. The Appellate Division reversed this judgment and dismissed the complaint upon questions which the plaintiff now brings to this court for review.

At the time here in issue article 4 of the General Municipal Law (Cons. Laws, ch. 24) made these provisions:

" § 50-b. Municipal liability for negligent operation of vehicles. Every city, town and village, notwithstanding any inconsistent provisions of law, general, special or local or any limitation contained in the provision of any city charter, shall be liable and shall assume the liability for the negligence of a person duly appointed by the governing board or body of the municipality, or by any board, body, commission or other officer thereof, in the operation of a municipally owned vehicle upon the public streets and highways of the municipality in the discharge of a statutory duty imposed upon such person or municipality, provided the appointee at the time of the accident or injury was acting in the discharge of his duties and within the scope of his employment. Every such appointee shall, for the purpose of this section, be deemed an employee of the municipality, notwithstanding the vehicle was being operated in the discharge of a public duty for the benefit of all citizens of the community and the municipality derived no special benefit in its corporate capacity.

" § 50-c. Municipal liability for negligent operation of certain vehicles in the performance of duty by policemen and firemen. Every city, town and village, notwithstanding any inconsistent provision of law, general, special or local or the limitation contained in the provisions of any city charter, shall be liable for, and shall assume the liability to the extent that it shall save harmless any duly appointed policeman or fireman of the municipality for, the negligence of such appointee in the operation of a vehicle upon the public streets or highways of the municipality in the discharge of a statutory duty imposed upon such appointee or municipality, provided the appointee at the time of the accident, injury or damages complained of, was acting in the performance of his duties and within the scope of his employment. * * * No action or special proceeding instituted pursuant to the provisions of section fifty-b or fifty-c of this chapter, shall be prosecuted or maintained against the municipality and appointee, unless it shall appear by and as an allegation in the complaint or the

moving papers that at least thirty days have elapsed since the demand, claim or claims upon which such action or special proceeding is founded were presented to the comptroller, or corresponding officer, of said municipality and the appointee for adjustment, and that adjustment or payment thereof has been neglected or refused for thirty days after such presentment;  *   *   * "

Plaintiff failed to present to the defendant Luebberman any claim or demand in the manner thus prescribed. This omission was held by the Appellate Division to be fatal to the maintenance of the action against either defendant. For that reason the complaint was dismissed upon the merits.

" Municipal corporations," said the Appellate Division, " never consented to accept liability for the negligence of their agents, officers, employees or appointees committed while in the discharge of purely governmental functions until the enactment of section 50-c of the General Municipal Law and that section gives no cause of action against the municipality itself for such torts." (260 App. Div. 557, 558.) This pronouncement, as we apprehend, was an inadvertence. Section 50-c was not the first instance of withdrawal from municipal corporations of their governmental immunity from liability for the torts of their employees. Section 50-c came into being in 1936. (L. 1936, ch. 323.) In 1929 the Legislature added to the Highway Law (Cons. Laws, ch. 25, as section 282-g) these provisions:

" Municipal liability for negligent operation of vehicles. Every city, town and village shall be liable for the negligence of a person duly appointed by the governing board or body of the municipality, or by any board, body, commission or other officer thereof, to operate a municipally owned vehicle upon the public streets and highways of the municipality in the discharge of a statutory duty imposed upon the municipality, provided the appointee at the time of the accident or injury was acting in the discharge of his duties and within the scope of his employment. Every such appointee shall, for the purpose of this section, be deemed an employee of the municipality, notwithstanding the vehicle was being operated in the discharge of a public

duty for the benefit of all citizens of the community and the municipality derived no special benefit in its corporate capacity." (L. 1929, ch. 466.)

When section 50-c was enacted as part of article 4 of the General Municipal Law in 1936, the foregoing text of section 282-g of the Highway Law was re-enacted as section 50-a of the same article.* Nobody denies that under section 50-a this action in its present shape would have been maintainable against the city as sole defendant. (See *Garrett* v. *City of Schenectady*, 268 N. Y. 219.) Though Luebberman and the city were joint wrongdoers, each of them was severally as well as jointly liable for the whole of the plaintiff's damages and the city moreover was bound to indemnify Luebberman in respect thereof. Section 192 of the Civil Practice Act provides: " No action or special proceeding shall be defeated by the nonjoinder or misjoinder of parties. New parties may be added or substituted and parties misjoined may be dropped by order of the court at any stage of the cause as justice may require." Long before this provision was adopted the law had been that, " The mere joinder of too many persons as defendants, when there is no misjoinder of subjects, is not a ground of demurrer by any one of them against whom the complaint sets forth a good cause of suit." (*New York & New Haven R. R. Co.* v. *Schuyler*, 17 N. Y. 592, 603, 604.) The actual controversy, therefore, comes round to whether the content of this record requires us to say that the plaintiff cannot now drop Luebberman, for whose joinder as a codefendant there was no good reason to begin with.

At the close of the case, the trial judge reserved decision on the motions of the defendants for a dismissal of the complaint on the ground of plaintiff's non-compliance with section 50-c. The issue as to the liability of the defendant city was then left by the judge to the jury in this way: " Now, just a word as to the City of Syracuse. Under the General Municipal Law of this State, liability is imposed

---

* Laws of 1940, chapter 687, amended sections 50-a and 50-b by substituting for the phrase " upon the public streets and highways of the municipality " the broader phrase " within the state."

upon a municipality, such as the City of Syracuse, for the negligent operation of an automobile engaged in the city service, such as this was in this case. If you should find that Mr. Luebberman was negligent in the manner in which he operated the car in question on the night in question, and was responsible for the damages by reason of that negligent operation, then you would likewise say that the city was negligent and your verdict would be against both the city and Mr. Luebberman." So far as the liability of the defendant city was concerned, this part of the charge of the trial judge was a correct definition of the consequence of the foregoing provisions of section 50-a. Neither in his complaint nor in the notice of claim which he served upon the defendant city did the plaintiff make mention of section 50-c, while the facts stated in both the complaint and the notice entitled him to invoke section 50-a.

When decision was reserved on the defendants' motions, counsel on all sides consented that the trial judge should " dispose of the case after the jury comes in with their verdict, with the same force and effect as if the jury were present and carrying out the direction of the court." So — for all that now appears — effect may yet be given to the valid verdict against the defendant city, upon appropriate application to the Trial Term.

Plaintiff has not made the point that the defendant Luebberman on his part was not entitled to more than a dismissal of the complaint as on a nonsuit. (Cf. *McCammon v. Kaiser*, 218 N. Y. 46.)

As to the defendant city of Syracuse, the judgment should be reversed and the action against that defendant remitted to the Trial Term for further proceedings in accordance with this opinion, with costs in all courts to the appellant to abide the event. As to the defendant Hyacinth J. Luebberman, the judgment should be affirmed, without costs. (See Cohen, Powers of the New York Court of Appeals, § 171.)

LEHMAN, Ch. J., FINCH, RIPPEY, LEWIS, CONWAY and DESMOND, JJ., concur.

Judgment accordingly.