LESTER SCHMID, Plaintiff, v. HARRY WERNER et al., Defendants.

Supreme Court, Special Term, Bronx County, February 15, 1947.

*Lipper, Shinn & Keeley* for defendants.

*Joseph J. Einhorn* for plaintiff.

HOFSTADTER, J. Plaintiff has brought suit against the City of New York and two doctors, employed by the city at the Morrisania Hospital, to recover damages for injuries alleged to have been sustained as a result of the doctors' negligence.

Under section 50-d of the General Municipal Law, a municipal corporation is made ultimately liable for damages for injuries sustained as a result of malpractice by a physician in a public institution which renders services gratuitously. In *Derlicka* v. *Leo* (281 N. Y. 266, 268–269) the court said, with respect to section 50-d: " The liability which existed at common law may still be enforced by action against the physician, but the physician would have a right to insist that in accordance with the statute he be saved harmless by the municipal corporation. The effect of any action, whether brought against the municipality or against the physician or dentist, is determined by the provisions of the statute and, by the express terms of the statute, may be maintained only if ' the applicable provisions of law pertaining to the commencement of action and the filing of notice of intention to commence action against such municipal corporation shall be strictly complied with.' " While in the *Derlicka* case (*supra*) the court held that in a common-law action against the physician, it was essential that the complaint allege compliance with the General Municipal Law regarding suits against the City of New York (which requirements were contained in the New York City Administrative Code), it appears that the City of New York was not a party to that action.

In the instant case, the complaint alleges that a statutory notice of claim was served on the Comptroller and the Corporation Counsel of the City of New York. However, there is no allegation of service of a notice of claim upon the moving defendant Werner, as required by subdivisions 1 and 3 of section 50-e of the General Municipal Law. Said defendant moves to dismiss the complaint upon that ground.

The motion must be granted. (*Krauss* v. *Layman*, 261 App. Div. 1026, 1027; *Eldridge* v. *Pearson*, 261 App. Div. 1103.) Section 50-d of the General Municipal Law provides " No action

shall be maintained under this section against such municipal corporation, physician or dentist unless a notice of claim shall have been made and served in compliance with section fifty-e of this chapter." Service of a notice of claim upon the municipality does not obviate the necessity for service of such notice upon the physician sought to be held liable.* The General Municipal Law, as it now reads, does not except the individual physician or dentist from the requirement of service of a notice of claim, even though an argument may be made that service upon the City of New York of such a notice should satisfy all practical purposes. Such an argument must, however, be directed to the Legislature. While there is no direct holding upon the precise question posed here, expressions of our appellate courts in cases involving other related sections of the General Municipal Law tend to support the view adopted by the court. (See *Kosiba* v. *City of Syracuse*, 287 N. Y. 283: *Bernadine* v. *City of New York*, 268 App. Div. 444, affd. 29' N. Y. 361. And see Tenth Annual Report of N. Y. Judicial Council, 1944, p. 268.)

The motion to dismiss is, therefore, granted. Settle order.

---

* See, also, *Matter of Polk* v. *City of New York*, 188 Misc. 727.— [REP.