RUTH FEISTHAMEL, as Administratrix of the Estate of EDWARD C. FEISTHAMEL, Deceased, Respondent, v. STEPHEN ROCZEN, Appellant.— Judgment and order reversed on the law, with costs, and complaint dismissed, with costs. Memorandum: Concededly, the recovery in this action is based upon the negligent operation of a police patrol car by a police officer of the City of Utica, who, at the time of the accident, was acting in the performance of his duties and within the scope of his employment. The City of Utica was not made a party to the action. The complaint fails to allege filing with the city

comptroller, or a corresponding officer, and with the defendant, of the notices required by section 50-c of the General Municipal Law as it read at the time of the accident, November 8, 1941. Under such circumstances, it was error for the trial court to deny defendant's motions to dismiss the complaint and for a directed verdict in defendant's favor. (*Gwydir* v. *Cowdell,* 291 N. Y. 777; *Kosiba* v. *City of Syracuse,* 287 N. Y. 283; *Derlicka* v. *Leo,* 281 N. Y. 266; *Krauss* v. *Layman,* 261 App. Div. 1026.) All concur, McCurn, J., in result only, on the ground that there is no proof in the record that any notice was served upon the city pursuant to the provisions of section 50-c of the General Municipal Law. (The judgment is for plaintiff in an automobile negligence action. The order denies a motion for a new trial.) Present — Taylor, P. J., McCurn, Love, Vaughan and Kimball, JJ.