ANNA SANDAK, an Infant, by MICHAEL SANDAK, Her Guardian ad Litem, Appellant, *v.* TUXEDO UNION SCHOOL DISTRICT No. 3, TOWN OF TUXEDO, Defendant, and MARION WHITE et al., Respondents.

Argued November 16, 1954; decided December 31, 1954.

*George F. Roesch* for appellant. I. Plaintiff did comply with the literal wording of the statute, and her second cause of action should be upheld. (*Martinez* v. *Modica,* 191 Misc. 836; *Derlicka* v. *Leo,* 281 N. Y. 266; *Bernardine* v. *City of New York,* 268 App. Div. 444; *Schmid* v. *Werner,* 188 Misc. 718.) II. Special Term erroneously construed the application of section 3813 of the Education Law.

*William T. Gallagher* and *Donald S. Wilson* for respondents. The cause of action was properly dismissed. (*Schmid* v. *Werner,* 188 Misc. 718; *Kosiba* v. *City of Syracuse,* 287 N. Y. 283; *Bernardine* v. *City of New York,* 268 App. Div. 444, 294 N. Y. 361; *Matter of Polk* v. *City of New York,* 188 Misc. 727; *Metcalf* v. *Central School Dist. No. 1,* 280 App. Div. 875; *Derlicka* v. *Leo,* 281 N. Y. 266.)

FROESSEL, J. Since the second cause of action in the complaint herein has been dismissed for legal insufficiency, we must assume the following facts to be true. Due to the negligence of defendant teachers, White and Mottola, plaintiff, a fifteen-year-old eighth grade pupil, was struck on the side of her face by a basketball as she was entering upon the gymnasium floor of a school operated by defendant school district. The accident occurred in the course of physical educational activities, when a girls' basketball class was allowed upon the gymnasium floor while a boys' game was still in progress. As a result of the blow, plaintiff suffered severe injuries to her spine for which she brought suit through her guardian ad litem.

Her complaint alleges two causes of action. The first is against the school district. This cause of action has not been dismissed and is not now before us. The second is against the two teachers who, plaintiff alleges, were in charge of the gymnasium at the time of the accident. It is only this second cause of action with which we are presently concerned.

Defendant teachers moved to dismiss the second cause of action against them for insufficiency on the ground that it fails to allege that plaintiff had served upon *them* the notice of claim

which is required by subdivision 2 of section 3813 of the Education Law and section 50-e of the General Municipal Law. In her first cause of action (against the school district), plaintiff alleged that a notice of claim was duly served *on defendant school district* under the provisions of section 50-e of the General Municipal Law. Although no such allegation was included in the second cause of action, the teachers have conceded that the omission was inadvertent, and they join with plaintiff in requesting us to deem the complaint amended accordingly. We have therefore assumed, as did Special Term, that the allegations of paragraphs Tenth and Eleventh of the complaint are repeated in the second cause of action. Plaintiff concedes " that no copy of said notice of claim was served upon either of the individual defendant teachers themselves personally ''.

Thus the narrow issue presented is whether, in an action against a school district and its teachers for negligence in the performance of their duty, a plaintiff has sufficiently complied with subdivision 2 of section 3813 of the Education Law and section 50-e of the General Municipal Law, by serving a notice of claim on the school district only, and not on the teachers individually. Special Term, expressing the opinion that the Education Law required a notice of claim to be served both on the teachers and on the school district, dismissed the second cause of action in the complaint. The Appellate Division affirmed without opinion.

Until 1950, a teacher was subject to suit for his negligence just as any other individual. An injured student, for example, had a common-law right to bring suit against him at any time within the applicable statute of limitations period. No statute limited this right by requiring that the plaintiff first serve the teacher, or anyone else, with a notice of claim. By an earlier statute, however, if a plaintiff desired to sue the *school district,* he must first duly and timely serve a notice of claim upon it (L. 1938, ch. 208). Nevertheless, if the suit was against the teacher alone, no such notice was required, even though the school district might have to save the teacher harmless from liability for negligence (Education Law, § 3023). This common-law right of plaintiff — to sue a teacher without first performing some condition precedent — could not, of course, be limited or restricted except by a clear legislative intent to do so.

In 1950, the Legislature, by chapter 762 of the Laws of 1950 (§ 45), amended subdivision 2 of section 3813 of the Education Law so that it read, so far as pertinent here: '' no action * * * founded upon tort shall be prosecuted or maintained against * * * any teacher * * * unless a notice of claim shall have been made and served in compliance with section fifty-e of the general municipal law ''.

Thus plaintiff here cannot maintain her action unless she shall have made and served a notice of claim. But upon whom must the notice be served? the teacher? the school district? or both? The Education Law does not specify; it merely states that '' *a* notice of claim shall have been made and served '', as aforesaid (emphasis supplied). This language was satisfied by plaintiff when she served her notice of claim on the school district.

It is true that subdivision 3 of section 50-e of the General Municipal Law states that '' The notice shall be served on the party against whom the claim is made ''; but that subdivision then continues: '' by delivering the notice, or a copy thereof, personally, or by registered mail, to the person, officer, agent, clerk or employee, designated by law as a person to whom a summons in an action in the supreme court issued against such party may be delivered ''. It seems to us that this section, in referring to service on '' the person, officer, agent, clerk or employee '' who may accept service, contemplates that service shall be on the public corporation alone. It says nothing about service on the negligent employee or appointee of a public corporation. Historically, the notice of claim concept has always applied only to public corporations. In any event, however, even were the statute deemed ambiguous on this point, being in derogation of plaintiff's common-law rights, it should be construed in her favor.

When the Legislature has desired to require that the notice of claim be served on both the public corporation *and* its negligent employee or appointee, it has clearly and explicitly so stated (see L. 1936, ch. 323, which added §§ 50-b and 50-c to General Municipal Law; see, also, *Kosiba* v. *City of Syracuse,* 287 N. Y. 283, which construes this 1936 statute). The Legislature could have used similar language in the statute now before us, but it did not. From its failure so to do, we infer that it never intended to require such double service, satisfied with the requirement

that the teacher "within ten days" deliver the summons, complaint and other papers served to the board of education (§ 3023, last sentence).

Moreover, as above noted, the school district has a duty to indemnify each of its teachers for any financial loss arising out of a claim or judgment by reason of any negligence, provided that at the time of the accident the teacher was "acting in the discharge of his duties within the scope of his employment and/or under the direction of said board of education, trustee [or] trustees". (Education Law, § 3023.) With *identical* language, the Legislature described in what actions against a teacher a notice of claim is necessary. (Education Law, § 3813, subd. 2.) Thus our lawmakers have required such notice only in those cases where a teacher is entitled to indemnification from the school district. If the school district will not have to indemnify, no notice is needed. In this way the Legislature has acknowledged what is apparent to everyone — that for all practical purposes, even though the suit in name be against the teacher, it is the school district which is the real "party against whom the claim is made".

*Kosiba* v. *City of Syracuse* (*supra*) and *Derlicka* v. *Leo* (281 N. Y. 266) cited by defendants, are both clearly distinguishable. A different statute was involved in the *Kosiba* case; it was section 50-c of the General Municipal Law as it read prior to its amendment in 1945. As above noted, that statute, unlike the one now under consideration, expressly required service of a notice of claim on the negligent policeman as well as upon the city: "no action * * * shall be maintained against said municipality and appointee" unless notice is filed with "said municipality *and with the appointee*" (L. 1936, ch. 323; emphasis supplied). We had the identical situation in *Bernardine* v. *City of New York* (268 App. Div. 444, affd. 294 N. Y. 361).

As for the *Derlicka* case (*supra*), plaintiff's complaint was dismissed because she had failed to do what plaintiff here has done — i.e., served a notice of claim on the *municipal corporation*. Consequently, in that case we never reached the question which is now presented — whether the notice of claim must be served on the negligent employee or appointee as well as on the municipal corporation.

When we look to the history and purpose behind our statutes requiring that a notice of claim be served on a *public corporation* as a condition precedent to instituting suit, almost inevitable is the conclusion that in this case plaintiff's service on the school district was all that the Legislature intended to require, and was thus sufficient. We have held that a notice statute such as this should be " reasonably construed " in the light of its underlying purpose. " It is not a trap for the unwary or the ignorant " (*Sweeney* v. *City of New York,* 225 N. Y. 271, 273).

As to the purpose of such a statute, we stated in *Teresta* v. *City of New York* (304 N. Y. 440, 443) : " The prime, if not the sole, objective of the notice requirements of such a statute is to assure the city an adequate opportunity to investigate the circumstances surrounding the accident and to explore the merits of the claim while information is still readily available. (See, e.g., *Sweeney* v. *City of New York,* 225 N. Y. 271, 273 [and other cases].) " (See, also, *Matter of Brown* v. *Board of Trustees of Town of Hamptonburg School Dist.,* 303 N. Y. 484, 490, and *Winbush* v. *City of Mount Vernon,* 306 N. Y. 327, 333.) In the 1944 Report of the Judicial Council, recommending adoption of section 50-e of the General Municipal Law, that body commented (Tenth Annual Report of N. Y. Judicial Council, 1944, p. 265) :

" The requirement of notice is one of the safeguards devised by the law to protect municipalities against fraudulent and stale claims for injuries to person and property. It is designed to afford the municipality opportunity to make an early investigation of the claim while the facts surrounding the alleged claim are still ' fresh '. On the other hand, ' these provisions [notice statutes] were not intended as a trap for the unwary and the ignorant.'

" An examination of the decisional law, however, indicates that far too often technicalities in this field have prevented the disposition of honest claims on their merits.

" The recommended new statute [is] designed to remedy these and other defects ".

In the instant case, plaintiff gave due notice to the school district, thereby providing it with ample opportunity " to investigate the circumstances surrounding the accident and to explore the merits of the claim ". As for the teachers, who now

claim they too should have been notified of the claim, they were present at the time the accident occurred, and had first-hand knowledge of the circumstances. Unlike a municipal corporation, the teachers needed no opportunity to investigate the claim, and consequently had no need for advance notice thereof. All they were required to do was to deliver the summons and complaint to the school district. They would not have to pay any judgment against them.

Thus, by serving her notice of claim on the school district, not only did plaintiff fully comply with all that the statutory language unambiguously requires, but she also has satisfied " the prime, if not the sole, objective " of the notice statute. Plaintiff's complaint, deemed amended as the parties have requested, is therefore sufficient, and should not have been dismissed.

The judgment of the Appellate Division and that of Special Term should be reversed, with costs in all courts, and the matter remitted for further proceedings in accordance with this opinion.

Lewis, Ch. J., Conway, Desmond, Dye, Fuld and Van Voorhis, JJ., concur.

Judgments reversed, etc.