ACHILLES S. O'HARA, Appellant, v. SEARS ROEBUCK AND Co. et al., Defendants, and ELMER G. ZIMMERMAN et al., Respondents.

Fourth Department, June 9, 1955.

*A. E. Schulgasser* and *Israel Rumizen* for appellant.

*William B. Lawless, Jr., Corporation Counsel (Daniel J. Lucitt* of counsel), for respondents.

PIPER, J.  Plaintiff-appellant brought this action for false arrest and malicious prosecution against defendants-respondents Elmer G. Zimmerman and John D. Hanrahan who are police officers of the City of Buffalo. The city was not made a party to the action. The complaint had been dismissed upon the ground that no notice of claim was filed similar to that required by section 50-e of the General Municipal Law. If the action were against the City of Buffalo, such a notice would have been required under section 50-e of the General Municipal Law. Such notice would be served only upon the municipality and not upon the employee (*Sandak* v. *Tuxedo Union School Dist. No. 3*, 308

N. Y. 226 [1954]). Further, if the action were brought pursuant to sections 50-b or 50-c of the General Municipal Law, the action could not be maintained either against the municipality or appointee unless notice of claim was filed in accordance with section 50-e of the General Municipal Law. This is so because of the express statutory requirement in section 50-c. (*Kosiba* v. *City of Syracuse*, 287 N. Y. 283; *Gwydir* v. *Cowdell*, 291 N. Y. 777; *Feisthamel* v. *Roczen*, 273 App. Div. 937; *Krauss* v. *Layman*, 261 App. Div. 1026.) Such notice would be served only upon the municipality (*Sandak* v. *Tuxedo Union School Dist. No. 3, supra*). However, sections 50-b and 50-c deal with actions involving negligent operation of vehicles and facilities of transportation. They do not relate to actions for false arrest or malicious prosecution. The latter actions are brought under the common law and there is no statutory provision whereby the municipality must save harmless or indemnify a policeman from such actions, as is the case with respect to actions encompassed within section 50-c. Thus, there is no necessity for service of notice upon the municipality as a condition precedent for an action against the police officer for false arrest or malicious prosecution, where the municipality is not made a party. No statutory provision requiring such notice in such circumstances has been pointed to and we have found none.

The order appealed from should be reversed and the motion of defendants-respondents Elmer G. Zimmerman and John D. Hanrahan to dismiss the complaint denied.

All concur. Present — McCURN, P. J., KIMBALL, PIPER, WHEELER and VAN DUSER, JJ.

Order reversed on the law, with $10 costs and disbursements, and motion denied, with $10 costs.