Michael Catalano, J.
The plaintiff seeks an order, pursuant to rule 109 of the Rules of Civil Practice, striking out the first and second affirmative defenses in the answer because of legal insufficiency.
The complaint alleges the usual common-law negligence action between the plaintiff, owner and operator of a motor vehicle that collided with another motor vehicle operated by the defendant with the permission of the “ City of Buffalo,” the owner, resulting in property damage and personal injuries.
The answer contains a general denial; a first defense, stating: ‘ ‘ That the plaintiff has failed to comply with the provisions of the General Municipal Law of the State of New York;” and, a second defense, stating: “That the action herein was not commenced within the time provided by law.”
Rule 109 of the Rules of Civil Practice, entitled, “ Plaintiff’s motion on the answer,” provides, in part:
1 ‘ After the service of an answer, the plaintiff may serve notice of motion to dismiss a counterclaim or strike out a defense consisting of new matter contained therein, where one or more of the following defects appear on the face thereof: * * *
“ 6. That the defense consisting of new matter is insufficient in law. If upon a motion made pursuant to this subdivision, it shall appear that the complaint does not state facts sufficient to constitute a cause of action, the court hearing the motion may dismiss the complaint, and in its discretion allow the plaintiff to amend the complaint upon such terms as are just, even in the absence of a cross-motion therefor.”
Upon such motions, objections are made solely to the face of the defenses and only the face of the complaint may be considered. (Levan v. American Safety Table Co., 222 App. Div. 110, 113; Charles v. Murphy, 284 App. Div. 987.) Mere allegations of legal conclusions in the affirmative defenses are insufficient. (General Aniline & Film Corp. v. Bayer Co., 305 N. Y. 479, 483; Levan v. American Safety Table Co., supra, p. 114.) The motion attacking the defenses in the answer searches the *432 record so that the adequacy of the complaint shall be first tested because “ a bad answer is good enough for a bad complaint ” (New Amsterdam Cas. Co. v. National Union Fire Ins. Co., 236 App. Div. 494, 495; Schwarts v. Klein, 272 App. Div. 834).
The complaint herein, though meager, might be adequate but for its reference to ownership by a city of the motor vehicle driven by the defendant. This allegation opens the floodgates to sections 50-a, 50-b, 50-e, 50-d and 50-e of the General Municipal Law, which are found in article 4, entitled, “ Negligence and Malfeasance of Public Officers; Taxpayers’ Remedies.”
Section 50-a makes liable every city for the negligence of its appointee who operates a municipally owned vehicle within the State in the discharge of a statutory municipal duty, while acting in the discharge of his duties and within the scope of his employment. (L. 1936, ch. 100, as amd.)
Section 50-b extends such municipality’s liability to the extent that it ‘ ‘ shall save harmless ’ ’ such appointee in the operation of “a municipally owned vehicle or other facility of transportation within the state” (L. 1936, ch. 323, as amd.).
Section 50-c extends such municipality’s liability to the extent “ that it shall save harmless any duly appointed policeman or fireman of the municipality” (L. 1936, eh. 323, as amd.).
Section 50-d repeats such liability ‘ ‘ to the extent that it shall save him harmless, of any resident physician * * * dentist
or podiatrist ” because of certain malpractice. (L. 1956, ch. 514, as amd.)
Section 50-e provides that in any tort action where notice of claim is required as a condition precedent to the commencement of an action against a public corporation or any officer, appointee or employee thereof, the notice shall contain certain matters and be given within 90 days after the claim arises, by service on the party against whom the claim is made by delivering duplicate copies thereof to the person designated by law. (L. 1945, ch. 694, as amd.)
In the complaint at bar, the conditions precedent mentioned in said sections of the General Municipal Law have not been alleged; therefore, the complaint is bad.
Where the proper and due notice is served upon the municipal corporation, though not upon the municipal employee or appointee, in an action against such employee or appointee, it is sufficient. (Sandak v. Tuxedo Union School Dist., 308 N. Y. 226, 231, 232-233; Kosiba v. City of Syracuse, 287 N. Y. 283, 289; Gwydir v. Cowdell, 291 N. Y. 777; O’Hara v. Sears Roebuck $ Co., 286 App. Div. 104, 105; Feisthamel v. Roczen, 273 App. Div. 937; Bernadine v. City of New York, 268 App. Div. 444, 451. *433 affd. 294 N. Y. 361; Krauss v. Layman, 261 App. Div. 1026, appeal dismissed 289 N. Y. 641; Derlicka v. Leo, 281 N. Y. 266, 268-269; Schmid v. Werner, 277 App. Div. 520, 524, affd. 303 N. Y. 754; Seyer v. Schoen, 6 A D 2d 177.) It has been so held in eases against teachers, policemen, physicians and volunteer firemen. The reason for the rule is based solely upon the liability of the public corporation to indemnify the employee or appointee. Good authority suggests the prudent procedure of serving notice of claim upon both the public corporation and the appointee or employee to be sure. (22 Carmody-Wait, New York Practice, p. 16.)
Such a complaint, to be adequate, should allege the usual allegations of “negligence” or “malpractice,” including the essential ones to comply with the provisions of sections 50-a, 50-b, 50-c, 50-d, and 50-e of the General Municipal Law, as they shall apply to the particular case.
The affirmative defenses in the answer are bare conclusions of law, and so, insufficient. Ultimate pleadable facts should be stated in each defense to notify the plaintiff adequately of the defendant’s claims. (See Civ. Prac. Act, § 242.)
Therefore, the complaint is dismissed, and the first and second affirmative defenses in the answer are struck out, with leave to the plaintiff to prepare and serve an amended complaint within 20 days after the signing of the order to be submitted herein, and with leave to the defendant to prepare and serve an amended answer to such complaint within 20 days after the service thereof, without costs to either party.
Prepare and submit order accordingly.