Hugh S. Coyle, J.
This is an application by claimant for leave to file and serve a notice of claim for damages against the defendant after the expiration of the 90-day statutory period, pursuant to the provisions of subdivision 5 of section 50-e of the General Municipal Law.
The injury which is the subject of the instant application was sustained by the infant while high jumping during a gym class at high school, in the presence of the coach in charge. Immediately thereafter the school nurse was advised of the accident, and she in turn called the school physician. Subsequently, and prior to the expiration of the statutory period, the insurance carrier for the school was apprised of the accident. It thus appears that there can be no question that all interested parties did in fact have knowledge of the accident and injury sustained by the infant. In Sandak v. Tuxedo Union School Disk (308 N. Y. 226) our Court of Appeals, commenting upon the legislative intent and purpose behind the statute in question, . said (p. 232): “ When we look to the history and purpose behind our statutes requiring that a notice be served upon a public corporation as a condition precedent to instituting suit * * * We have held that a notice statute such as this should be ‘ reasonably construed ’ in the light of its underlying purpose. * It is not to trap the unwary or ignorant ’ (Sweeney v. City of New York, 225 N. Y. 271, 273).”
In Matter of Martin v. School Bd. (301 N. Y. 233, 236) in considering this same section, the Court of Appeals cited the fol *63 lowing introductory statement of the Judicial Council in its recommendations to the Legislature in dealing with the subject: “ 1 23The requirement of notice is one of the safeguards devised by the law to protect municipalities against fraudulent and stale claims * * *. It is designed to afford the municipality opportunity to make an early investigation of the claim while the facts surrounding the alleged claim are still ‘ fresh On the other hand ‘ these provisions (notice statutes) were not intended as a trap for the unwary and the ignorant.’ ”
It is not disputed that this claim is an honest one. There is nowhere in the papers any statement that the Board of Education, its agents, servants and employees did not have actual knowledge of the accident, nor is there any question that the insurance carrier for the Board of Education had any lack of knowledge of the accident. Quite to the contrary, all interested parties had knowledge of the happening of the accident, and in addition, the treatment required to cure the infant of his injuries. This is not a case of a stale claim or a fraudulent claim.
Under the statute (General Municipal Law, § 50-e) the court has discretion to grant leave to an infant to serve a belated notice of claim provided not more than one year has elapsed since the happening of the accident. In this case not more than six months have elapsed. Therefore, and in the exercise of its discretion, pursuant to said section, leave is granted to the infant to file a claim within 10 days from the date of the order to be entered herein.