ALBERT M. LEVERT, Respondent, v. JOSEPH G. GAVIN, JR., et al., Appellants, et al., Defendant.— In an action to recover damages for libel, defendants (other than defendant Rappolt) respectively appeal from orders of the Supreme Court, Suffolk County, dated May 15, 1962, which denied their motions pursuant to the Rules of Civil Practice: (1) for judgment dismissing the complaint on the ground that the court lacks jurisdiction of the subject of the action for the

reason that no notices of claim were served on the defendants or filed with Central School District No. 6 of the Town of Huntington, as required by law, and on the ground that no allegation to this effect was contained in the complaint (rule 107, subd. 1); or (2) in the alternative, to strike from the complaint paragraphs 1 through 18, the first three lines of paragraph 19 and all references in paragraphs 19 and 20 to the plaintiff as an attorney, on the ground that such allegations were irrelevant, redundant, unnecessary and tend to prejudice or delay the fair trial of the action (rule 103); (3) or, in the alternative, to require plaintiff to serve an amended complaint on the ground that the matters set forth in paragraphs 2 to 18 are so indefinite, uncertain and obscure that the application thereof was not apparent (rule 102); (4) or, in the alternative, to require plaintiff to serve an amended complaint in which he shall divide the cause of action into paragraphs, each containing a separate allegation (rule 90). In the denial of so much of the motions as sought judgment dismissing the complaint, pursuant to subdivision 1 of rule 107, the court granted leave to the defendants to seek the same relief upon the trial or in such other manner as they might deem appropriate. Orders affirmed, with one bill of $10 costs and disbursements. The defendants Corwin and Stuckart are attorneys who represented Central School District No. 6 of the Town of Huntington. The other defendants constitute the members of the Board of Education of such school district. The defendant Rappolt was, but no longer is, a member of said board and his notice of appearance was withdrawn by consent. The plaintiff seeks damages solely from the individual defendants. He makes no claim against the school district and he served no notice of claim on the school district or on any of the defendants. For the purposes of this appeal only, we shall assume *arguendo*, without necessarily deciding: (1) that a motion to dismiss the complaint, on the grounds that no notices of claim were served or filed and that no allegation that they in fact were served or filed appears in the complaint, may properly be made pursuant to subdivision 1 of rule 107 of the Rules of Civil Practice, based on the contention that the court has no jurisdiction of the subject of the action; (2) that where a person is entitled to be indemnified or held harmless by a school district, a notice of claim must be served or filed prior to the commencement of an action against the school district or against the individual person (see, e.g., *Sandak* v. *Tuxedo Union School Dist. No. 3*, 308 N. Y. 226; cf. *O'Hara* v. *Sears, Roebuck & Co.*, 286 App. Div. 104); (3) that a school district may be cast in damages for a libelous publication or slander published or uttered by its board of education and/or by its attorneys (cf. *Goodyear Aluminum Prods.* v. *State of New York*, 12 A D 2d 692); and (4) that it would not be against statutory or public policy for a school district to indemnify or save harmless the members of its board of education or its employees for a libelous statement published by them (see, e.g., *Sandak* v. *Tuxedo Union School Dist. No. 3, supra*; *O'Hara* v. *Sears, Roebuck & Co., supra*; c.f *People ex rel. Underhill* v. *Skinner*, 74 App. Div. 58, 62). Nevertheless, it is our opinion that: (a) issues of fact were presented as to whether the defendants Corwin and Stuckart were employees who could be held harmless or indemnified by the school district or whether they were independent contractors, and as to whether the defendants conspired to publish and did publish the alleged libelous statement in the discharge of their duties or out of malice and ill will toward the plaintiff (see, e.g., *Goodyear Aluminum Prods.* v. *State of New York, supra*); and (b) that the existence of such issues bars dismissal of the action under subdivision 1 of rule 107. Moreover, in denying so much of the motion as sought dismissal of the complaint under rule 107, Special Term granted leave to the defendants " to seek the same relief upon the trial or in such other manner as they may deem appropriate ". *Inter alia*, rule 108 of the Rules of Civil Practice provides that, if the " plaintiff on the hearing

of a motion specified in rule one hundred and seven shall present affidavits denying the facts alleged by the defendant or shall state facts tending to obivate the objection", the court may overrule the objection and, in its discretion, may allow the same facts to be alleged in the answer as a defense (see, e.g., *Sabato* v. *Village of Port Chester,* 5 A D 2d 847). "Matter which would be sufficient under a general denial loses none of its efficacy by being pleaded as a defense" (*Morgan Munitions Co.* v. *Studebaker Corp.,* 226 N. Y. 94, 98). In denying the alternative relief requested, Special Term did not improvidently exercise its discretion. Kleinfeld, Acting P. J., Christ, Brennan, Rabin and Hopkins, JJ., concur.