Kwan L. GRAYS Plaintiff,

v.

The CITY OF NEW ROCHELLE, New Rochelle Police Department, Edward Colman, and Sergeant Rosenbergen Defendants.

No. 03 CIV.1356(SCR).

United States District Court, S.D. New York.

Jan. 18, 2005.

David M. Fish, Rosen, Leff, Esqs., Hempstead, NY, for Plaintiff.

Peter Meisels, Wilson, Elser, Moskowitz, Edelman & Dicker, LLP, White Plains, NY, for Defendants.

## MEMORANDUM DECISION AND ORDER

ROBINSON, District Judge.

### I. FACTS

Plaintiff is a married black man with several children. He lives in New Rochelle where he has resided since 1994. He is an active member of the local community including serving on the Parent–Teachers Association, New Rochelle Citizens Committee, Jack & Jill of Westchester County, and Westchester Childrens' Museum Association.

In the late evening hours of May 17, 2002, Plaintiff and his brother were allegedly assaulted on a New Rochelle street by several persons. Plaintiff suffered a contusion to his head. Plaintiff's brother fared much worse. He was beaten unconscious. Shortly thereafter, police arrived on the scene including Officer Edward Coleman and Sergeant Rosenbergen (two named defendants). What exactly happened at that time is unclear and disputed. Plaintiff claims he was trying to answer the police officers' questions but his main concern was for the welfare of his brother. Plaintiff further contends he overheard the police officers making up a lie that he pushed Sgt. Rosenbergen so that they could arrest him. Defendants claim Plaintiff was hostile and uncooperative, repeatedly entered the crime scene, and pushed Sgt. Rosenbergen. The end result was that Plaintiff was arrested for obstructing governmental administration in the second degree and disorderly conduct. The circumstances surrounding the arrest itself are also unclear. Plaintiff claims

that he was not read his rights or told the reason for his arrest. He was then jailed until released on bail. The case against Plaintiff went to trial on December 9, 2002. On December 10, 2002, the jury found the Plaintiff not guilty on both counts brought against him.

Plaintiff alleges false arrest and imprisonment in violation of 42 U.S.C. §§ 1983 and 1988 and the Fourth and Fourteenth Amendments. Plaintiff's second cause of action is for malicious prosecution in violation of the same. Under the heading "Pendent Causes of Action," Plaintiff states, "[t]he acts and conduct heretofore alleged constitute false arrest and imprisonment, malicious prosecution, abuse of process, prima facie tort, negligence, and gross negligence under the laws of the State of New York. This Court has pendent jurisdiction to hear and adjudicate these claims." Defendants raise numerous affirmative defenses, which will be discussed below as they relate to the pending motion.

## II. THE MOTION FOR PARTIAL SUMMARY JUDGMENT

### A. The Motion

Defendants have filed a motion for partial summary judgment on three bases: (1) Plaintiff's claims against the police department and city fail as a matter of law, (2) Plaintiff may not assert state-law claims not mentioned in his notice of claim, and (3) Plaintiff failed to name the police officers in his notice of claim and, therefore, may not assert state-law claims against them.

### B. Legal Analysis

#### 1. First Claim: No Municipal Liability

 Defendants cite the landmark case *Monell v. Dep't of Social Services*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978), for the proposition that the City of New Rochelle and its police department cannot be held directly liable for the unconstitutional acts of its employees based solely on the employer-employee relationship. Rather, defendants cite *Monell* and argue in their motion, it is only when the "execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." Essentially, *Monell* immunized municipalities from suits involving their employees' acts while leaving municipalities open to suits for their own violations. Consequently, only if a plaintiff could prove that the municipality had an official policy or custom directing employees to act illegally or unconstitutionally could the municipality be held liable.

Plaintiff, in his opposition to the motion, attempts to protect his claim against the city by arguing these facts fit into the *Monell* exception. Plaintiff points to cases in which the improper conduct of a number of officers in one event rises to the level necessary for a claim against the city. The cases cited by Plaintiff, however, are not binding precedent on this Court because both come from a circuit other than the Second Circuit (*Bordanaro v. McLeod*, 871 F.2d 1151 (1st Cir.1989)) (holding that plaintiffs met their burden of proof that defendant city had a policy or custom of breaking down doors) and *Webster v. City of Houston*, 689 F.2d 1220 (5th Cir.1982) (upholding verdict against city based on use of throw down weapons).

Although the cited cases are not binding, Plaintiff analogizes his facts to those in the two cited cases by alleging that the police officers at the scene conspired to come up with a reason to arrest him. Plaintiff argues that the existence of a conspiracy with numerous officers is sufficient to hold

the city liable. The problem is that the two cases are not analogous. In *Bordanaro*, the entire "night watch" of a police department participated in breaking down the door to victims' hotel room which lead to victims being beaten and one killed. In *Webster*, approximately twenty police officers conspired to utilize a throw down gun after one of the officers shot an unarmed man who was lying face down on the ground at the time of the shooting. Those courts found that the number of officers involved demonstrated deficient policies of recruitment, training, supervision, and discipline.

Plaintiff does not allege an equivalent systematic custom in this case. In fact, the number of officers that he alleged conspired to arrest him is small. There is no allegation that the department systematically lied about a citizen's actions to form the basis of one arrest. Plaintiff fails to articulate a fact pattern demonstrating the existence of a broad conspiracy at all. Therefore, Plaintiff's attempt to analogize his facts to those in the above cases is unsuccessful. Plaintiff has made no allegation of custom or policy on the part of the city. Hence, Plaintiff fails to state a claim against the City of New Rochelle and the City of New Rochelle Police Department. The claim as to those parties is, therefore, dismissed.

### 2. No assertion of state-law claims in Notice of Claim

■ Plaintiff did not assert his state-law claims in his Notice of Claim against the City of New Rochelle and its police department. Typically, under New York law, a notice of claim is condition precedent for bringing a tort claim against a municipality. N.Y. GEN. MUN. LAW § 50–e. However, in *Felder v. Casey*, the Supreme Court ruled states may not apply state notice of claim laws to § 1983 suits brought in *state*

court. Because this was not brought in state court, *Felder* does not apply in this instance.[1]

■ Therefore, the notice of claim requirement applies to Plaintiff. The requirement applies to state tort claims brought as pendent claims in a federal civil rights action. *See Fincher v. County of Westchester, et al.*, 979 F.Supp. 989, 1002 (S.D.N.Y.1997). Having failed to comply with New York state law notice requirements, Plaintiff's state-law claims must be dismissed. *See Davidson v. Bronx Municipal Hospital*, 64 N.Y.2d 59, 484 N.Y.S.2d 533, 473 N.E.2d 761 (1984); *Brogdon v. City of New Rochelle*, 200 F.Supp.2d 411 (S.D.N.Y.2002).

### 3. Failing to name officers in Notice of Claim, no state-law claims against them attach

■ Plaintiff and Defendants provide weak arguments on both sides of this issue. Plaintiff's state law claims are not barred as against the police officers because of failure to comply with notice of claim provisions. Section 50–e(1)(b) of the New York General Municipal Law provides:

> Service of the notice of claim upon an officer, appointee or employee of a public corporation shall not be a condition precedent to the commencement of an action or special proceeding against such person. If an action or special proceeding is commenced against such person, but not against the public corporation, service of the notice of claim upon the public corporation shall be required only if the corporation has a statutory obligation to indemnify such person under this chapter or any other provision of law.

N.Y. Gen. Mun. L. § 50–e(1)(b). A notice of claim must also be served on a munici-

pal employee prior to a suit in tort against her *only if* the municipality has a statutory obligation to indemnify the employee. *D'Angelo v. City of New York,* 929 F.Supp. 129, 135 (S.D.N.Y.1996). Plaintiff's claims of false arrest, false imprisonment, malicious prosecution, abuse of process, prima facie tort, negligence, and gross negligence are based in common law. Because the City of New Rochelle presumably has no obligation to indemnify the officers for violations at common law, Plaintiff was not required to comply with Sections 50–e and 50–i of the New York General Municipal Law as to his state law claims against the police officers. *See Regan v. Sullivan,* 557 F.2d 300, 306 n. 6 (2d Cir.1977) (citing *O'Hara v. Sears Roebuck & Co.,* 286 A.D. 104, 105, 142 N.Y.S.2d 465 (4th Dep't 1955)); *Sorge v. City of New York,* 56 Misc.2d 414, 288 N.Y.S.2d 787, 794 (1968).

However, Section 50–k(3) requires New Rochelle to indemnify a police officer if she is held liable for a claim as to which "the act or omission ... occurred while [she] was acting within the scope of his public employment and in the discharge of his duties and was not in violation of any rule or regulation of his agency at the time the alleged damages were sustained ...." Making a reasonable assumption that the City of New Rochelle has a rule or regulation disallowing police officers from making false arrests, then indemnification may not be required for allegedly doing just that because it would violate agency policy. Therefore, Officer Coleman and Sergeant Rosenbergen's motion to dismiss plaintiff's state law claims against them is denied.

## III. CONCLUSION

Defendants' motion for summary judgment is granted in part and denied in part. Plaintiff fails to state a claim as to the City of New Rochelle and its police department under 1983 because no sufficient policy or

custom of the police department is sufficiently alleged. Therefore, Plaintiff's claim against the City of New Rochelle and its police department under 1983 are hereby dismissed.

Plaintiff failed to include his state-law claims in his Notice of Claim against the City of New Rochelle. Therefore, Plaintiff's state-law claims as to the City and its police department are dismissed. Having no remaining claims against them, the City of New Rochelle and the New Rochelle Police Department are hereby dismissed from this action.

Plaintiff failed to name defendant officers in his Notice of Claim. However, it is not necessary to name such defendants when bringing state-law claims at common law against them. Therefore, the motion for summary judgment on this claim is denied.

IT IS SO ORDERED.