SIMON R. KAPLAN, Respondent, *v.* CITY OF POUGHKEEPSIE, Appellant.

Argued October 14, 1938; decided November 29, 1938.

*Paul A. Rieser, Corporation Counsel (James E. Carroll*
of counsel), for appellant. The city was justified in
abating the nuisance and charging the cost to the con-
tractor. (*Ford* v. *Grand Union Co.,* 268 N. Y. 243;
*Norske Ameriekalinje* v. *Sun P. & P. Assn.,* 226 N. Y. 1;
*Spence* v. *Ham,* 163 N. Y. 220; *Kelsey* v. *Ward,* 38
N. Y. 83; *Speare's Sons* v. *Casein Co.,* 122 App. Div. 22;
*Graves* v. *White,* 87 N. Y. 463.) Non-compliance with
the charter provision regarding presentation of claim

bars recovery. (*Reining* v. *City of Buffalo*, 102 N. Y. 308.)

*Edward K. Haas* for respondent. The findings of the Appellate Division that there is no provision in the contract for defendant to make arbitrary charges for the extinguishment of fires by defendant's fire department operating at the dump and beyond defendant's corporate limits and that the charges made by defendant for extinguishing fires at said dump were arbitrary and unauthorized by the contract, and its conclusions of law, are justified by the evidence and are decisive of the action. (*Churchill Evangelistic Assn.* v. *Columbia B. S., Inc.,* 142 Misc. Rep. 210; 236 App. Div. 624; *Friedman & Co.* v. *Newman,* 255 N. Y. 340; *Woolsey* v. *Funke,* 121 N. Y. 87; *Nicoll* v. *Sands,* 131 N. Y. 19; *Knickerbocker Metallic Bed Co.* v. *Newman,* 174 N. Y. Supp. 651; *Sarachan & Rosenthal, Inc.,* v. *Wilson & Co.,* 207 App. Div. 768: *Taber* v. *First Citizens B. & T. Co.,* 247 App. Div. 580; *City of New York* v. *New York City Ry. Co.,* 193 N. Y. 543; *Carthage T. P. Mills* v. *Village of Carthage,* 200 N. Y. 1; *Matter of Wilaka Constr. Co.* v. *McAneny,* 265 N. Y. 43.) The plaintiff was not required to verify and present claims for the amounts illegally deducted by the defendant. (*City of Forsyth* v. *Crellin,* 210 Fed. Rep. 835; *Werner* v. *City of Rochester,* 149 N. Y. 563; *Dodge* v. *Cornelius,* 168 N. Y. 242; *Nod-Away Co.* v. *Carroll,* 240 N. Y. 252; *Quinlan* v. *Welch,* 141 N. Y. 158; *Kramer* v. *Brooklyn Heights R. R. Co.,* 190 N. Y. 310; *N. Y. Bank Note Co.* v. *Hamilton Bank Note, E. & P. Co.,* 180 N. Y. 280; *Brinckerhoff* v. *Farias,* 170 N. Y. 427; *Smith* v. *Smith,* 125 N. Y. 224; *Adams* v. *Irving Nat. Bank,* 116 N. Y. 606.)

*Per Curiam.* Section 26 of title III of the Charter of the City of Poughkeepsie (Laws of 1896, ch. 425, as amd. by Laws of 1910, ch. 632, and Laws of 1911, ch. 685) provides: " All accounts and claims against the city

\* \* \* shall be duly verified. \* \* \* and the common council shall hear and determine the same. No action upon any account or claim shall be brought against the city until it shall have been rejected by the common council." The complaint does not allege compliance with the charter provision. The answer alleges non-compliance as a defense. The burden of proof to establish compliance with the provision of the charter rested on the plaintiff. Plaintiff was bound to allege and prove compliance as a condition precedent. (*Reining* v. *City of Buffalo*, 102 N. Y. 308.)

The official referee before whom the case was tried found as a fact that the plaintiff " made no claim or demand " on the city " except the present action." It is apparent that the question was called to the attention of the Appellate Division, as it reversed that finding of fact although the record does not contain evidence justifying such reversal. In fact, it is conceded in this court that no claim was filed by the plaintiff as required by the city charter.

The judgment of the Appellate Division should be reversed and that entered upon the decision of the referee affirmed, as the complaint should have been dismissed for the reason stated, with costs in this court and in the Appellate Division. We do not pass upon the construction of the contract.

CRANE, Ch. J., LEHMAN, O'BRIEN, HUBBS, LOUGHRAN, FINCH and RIPPEY, JJ., concur.

Judgment accordingly.