JOHN ELDRIDGE and MOSELLA ELDRIDGE, Respondents, v. BENJAMIN M. PEARSON, Appellant.— Action to recover for property damage, brought by the plaintiffs, as owners of an automobile which was involved in a collision with an automobile owned by the county of Westchester and operated by the individual defendant, a county employee. Order of the County Court of Westchester County granting plaintiffs' motion to strike out three affirmative defenses in defendant's amended answer reversed on the law, with ten dollars costs and disbursements, and motion denied, with ten dollars costs. The plaintiffs are entitled to maintain a common-law action against the defendant municipal employee; they, however, must comply with the statutory conditions regulating the maintenance of such an action. (Laws of 1931, chap. 561, as amd. by Laws of 1940, chap. 97.) The defenses are predicated on a failure to comply with the statute and, therefore, are valid. It is within legislative competence to attach a condition to the maintenance of a common-law action as well as a statutory action. (*Reining* v. *City of Buffalo*, 102 N. Y. 308.) The statutory conditions apply alike to actions against the municipal corporation as well as actions against a " servant or employee thereof." (See *Kaplan* v. *City of Poughkeepsie*, 279 N. Y. 153.) Carswell, Johnston, Adel and Taylor, JJ., concur; Lazansky, P. J., concurs in result.

In the Matter of the General Assignment for the Benefit of Creditors of W. E. FOLEY & BRO., INC., Assignor, to JOBBERS' CREDIT ASSOCIATION, INC., Assignee-Respondent. EQUITABLE SUPPLY CO., INC., Appellant.— Appeal from an order granting a motion of an assignee for the benefit of creditors to expunge a claim of a creditor in so far as it seeks a preference. Order, in so far as appealed from, reversed on the law and the facts, without costs, and the matter remitted to Special Term to take testimony as to the following matters and to make and enter an order thereon accordingly: 1. Did the board of directors of W. E. Foley & Bro., Inc., authorize the execution of the assignment for the benefit of creditors? 2. Was the assignment for the benefit of creditors unconditionally delivered on August 21, 1939? 3. Did the assignee in good faith take possession on August twenty-second? The affidavits on which the order was made do not satisfactorily present the contentions of the parties. Therefore, the proceeding is returned to the Special Term in order that testimony may be taken so that the situation may be disclosed in a clearer light. Lazansky, P. J., Hagarty, Johnston, Taylor and Close, JJ., concur.