WILLARD ADAMS, Appellant, v. THE STATE OF NEW YORK, Respondent. (Claim No. 27117.) — Appeal by claimant from an order of the Court of Claims which dismissed a claim for personal injuries, at the close of claimant's evidence. The evidence discloses negligence on behalf of the State. Section 12-a of the Court of Claims Act places the State in the same position under section 59 of the Vehicle and Traffic Law as an individual or a private corporation. Order reversed on the law and facts and a new trial granted. In so far as there were findings of fact they are reversed. Hill, P. J., Crapser, Bliss, Heffernan and Schenck, JJ., concur.

JACOB SHAPIRO, Doing Business under the Name and Style of M. SHAPIRO & SON, Appellant, v. THE STATE OF NEW YORK, Respondent. (Claim No. 23622.) — The judgment herein is modified by adding to it the sum of $638.64, arising out of the nailing strip claim, and the sum of $602.40, arising out of the steel trim opening claim, with interest thereon as requested in appellant's Conclusion of Law; and, as amended, is affirmed with costs to the appellant. The court reverses Findings of Fact required in the State's requests to find, as follows: Findings of Fact 8, 10, 11, 12 and 15, and Conclusion of Law 1. The court makes the additional Findings of Fact, as contained in the appellant's requests to find, as follows: Findings of Fact 6, 8, 9, 10, 11, and the Conclusions of Law in the appellant's requests to find. Hill, P. J., Crapser, Bliss and Heffernan, JJ., concur; Schenck, J., dissents.

THE PEOPLE OF THE STATE OF NEW YORK ex rel. HYMAN DUNN, Appellant, v. WALTER B. MARTIN, as Warden of Clinton Prison, Dannemora, N. Y., Respondent.— Appeal from an order of the Special Term of the Supreme Court dismissing a writ of habeas corpus. Appellant is confined by virtue of a commitment from the Court of General Sessions of the City of New York showing that he was convicted on March 15, 1932, by confession of the crime of attempted forgery, second degree; that an information was thereafter lodged against him, pursuant to section 1943 of the Penal Law, accusing him of having been previously convicted four times of certain felonies; that upon arraignment he denied that he was the same person so charged, a jury trial was thereupon had of the issue and the jury found against the appellant, who thereupon was sentenced for the term of his natural life. The appellant now contends that there was insufficient proof before the court and jury to sustain the finding of the previous convictions. We find this contention to be without merit. Order unanimously affirmed, without costs. Present — Hill, P. J., Crapser, Bliss, Heffernan and Schenck, JJ.