Jacob Ark, J.
This is a motion to dismiss the complaint pursuant to CPLR 3211 (subd. [a]) upon the ground that the court has no jurisdiction over the subject matter of the action. The cause of action is for injuries .sustained by the plaintiff by reason of the negligence of the defendant, who at the time of the accident, which occurred on August 18, 1964, was operating a truck owned by the State of New York, with its permission and consent.
It is the movant’s position that by virtue of section 388 of the Vehicle and Traffic Law the negligence of the driver is imputed to the owner of the vehicle and that under section 8 of the Court of Claims Act the State has waived its immunity from liability and action and is the real party in interest in this litigation. The moving affidavit, sworn to on May 24, 1965, states that no claim or written notice of intention to make a claim was filed by the plaintiff with the Clerk of the Court of Claims and that “ any claim against the State must be brought in the Court of Claims in compliance with the limitations of said article.”
Section 10 (subd. 3) of the Court of Claims Act provides that no judgment .shall be granted in favor of a claimant against *287 the State of New York, unless the claim or written notice of intention to file a claim shall be filed within 90 days after the accrual of the claim.
There is no statute that provides that in the event of a recovery against the operator of a State-owned vehicle being used with its permission and consent and upon its business, that the State would be liable over to such operator. Those cases in which actions against individual employees of a municipality were dismissed by reason of the failure to file timely notices of claims are inapplicable to a State employee as the General Municipal Law (§§ 50-b, 50-c) provides that municipalities “shall save harmless” such employees. “Ultimate liability for any recovery” in such eases is imposed upon the municipality. (Rusch v. Karpick, 20 A D 2d 954.) Article 6 of the Vehicle and Traffic Law (Motor Vehicle Financial Security Act) by section 321 excepts a State or any political subdivision of any State from its application.
Upon the complaint, the named defendant and the State were joint wrongdoers, “ each of them was severally as well as jointly liable for the whole of the plaintiff’s damages ” (Kosiba v. City of Syracuse, 287 N. Y. 283, 288). “ Section 12-a [now § 8] of the Court of Claims Act places the State in the same position under section 59 [now § 388] of the Vehicle and Traffic Law as an individual or a private corporation.” (Adams v. State of New York, 264 App. Div. 978, revd. on other grounds 295 N. Y. 946.)
“It is within legislative competence to attach a condition to the maintenance of a common-law action as well as a statutory action. (Reining v. City of Buffalo, 102 N. Y. 308.) ” (Eldridge v. Pearson, 261 App. Div. 1103.) The Legislature could have enacted a ‘1 save harmless ” provision insofar as State employees are concerned, similar to that contained in the General Municipal Law (§§ 50-b, 50-c), but has not done so. This would have made the State an indemnitor and the real party in interest. The applicable statutes must be strictly construed (Berger v. City of New York, 260 App. Div. 402, affd. 285 N. Y. 723), and this court cannot go beyond the clearly expressed provisions of the Court of Claims Act.
The motion is denied, with $20 costsX