John J. O’Brien, J.
These are motions to dismiss each complaint, under CPLR 3211 (subd. [a], pars. 1, 2, 8) and section 14 of the Public Health Law.
Each complaint alleges that defendants Bellizzi, Ortenzi and Curran are employees of the State of New York, defendant Bellizzi being Director of the Bureau of Narcotic Control, and defendants Ortenzi and Curran being investigators of said bureau into the traffic and sale of narcotic drugs; that plaintiff Bremer was a partner in an advertising firm; that plaintiff Wolfe was an employee thereof; that defendants engaged in a conspiracy to entrap plaintiff to sell to defendants narcotic drugs; that defendants and defendant Wells, described as a paid informer for the other defendants, enacted a ruse wherein *774 one defendant posed as a sales agent for a Japanese jewelry company which intended to spend $800,000 for advertising from which plaintiff’s advertising agency would derive fees; that a representative of the company was coming to Albany, and that plaintiff and his agency would obtain girls as dates to entertain said representative and another and to buy for them marijuana, a narcotic drug; that, motivated by his desire to obtain the advertising contract, plaintiff engaged in strenuous efforts to obtain said drug and ultimately did, and upon turning it over to defendants, defendants left the room, came back with other men who identified themselves as agents of the State Narcotics Bureau and arrested plaintiff, who was deprived of his liberty for 13 hours and kept in jail; that defendants obtained a search warrant of each plaintiff’s property, and caused the closing of plaintiff Bremer’s advertising agency, as a result of which each plaintiff sustained damage. A second cause of action alleges that defendants assaulted plaintiff and took blood from his body, causing additional harm. A third cause of action repeats the original allegations and alleges that on May 5, 1967, defendants obtained a search warrant upon a false affidavit, as a result of which they took and destroyed plaintiff’s personal property, thereby wrongfully depriving plaintiff of his property. A fourth cause of action alleges that defendants laid an information falsely accusing plaintiff of violation of law, that defendants caused the Grand Jury of Albany County to indict plaintiff for the crime of felonious sale of a narcotic drug in violation of subdivision 1 of section 1751 of the Penal Law, by false testimony before the Grand Jury; that thereafter on a motion, the indictment was dismissed by the County Court upon the ground that plaintiff had been made the victim of a frame-up and that by reason of the prosecution and publicity, plaintiff suffered greatly in his health and in his business; a fifth cause of action alleged that defendants issued and published oral and written statements and news releases which were untrue.
In each complaint, plaintiff alleged in paragraph 9 thereof that the acts of defendants set forth in the complaint “ were wholly unauthorized and unjustified by any law or statute of the State of New York, and far exceeded any powers, rights or privileges vested in any of said persons by reason of their employment by an agency of the State of New York, and all such acts and things were wholly without the scope of the duties of such persons as officers and/or employees of the New York State Bureau of Narcotics Control, and were not sanctioned by the State of New York or by any agencies or departments thereof.”
*775 The complaints do not allege that plaintiff obtained the permission of a Justice of the Supreme Court before commencing the action.
Section 14 of the Public Health Law provides:
“ § 14. Civil actions against officers or employees of the department; immunity.
“ 1. No civil action shall be brought in any court against a physician, officer or employee of the department, in his personal capacity, for alleged damages because of the manner in which professional services were performed, any act done or failure to perform any act, while discharging his official duties, without leave of a justice of a supreme court, first had and obtained. Such physician, officer or employee shall not be liable for damages in any such action if he shall have acted in good faith, with reasonable care and upon probable cause.
“ 2. Any just claim for damages against such physician, officer, or employee, for which the state would be legally or equitably liable, shall be brought and maintained in the court of claims as a claim against the state.”
A similar statute protects employees of the Department of Mental Hygiene (Mental Hygiene Law, § 44) and of the Department of Correction (Correction Law, § 6-b). No cases have been found under any of these statutes even though they have been in existence for many years. The construction of this statute is therefore one of first impression.
The Legislature has the power to attach a condition to the maintenance of any action and the requirement that a Supreme Court Justice shall grant leave is one such condition. When such a condition is imposed, a plaintiff must plead performance of the condition in the complaint and prove it on the trial. (Reining v. City of Buffalo, 102 N. Y. 308.) In Eldridge v. Pearson (261 App. Div. 1103) the court said: “ The plaintiffs are entitled to maintain a common-law action against the defendant municipal employee; they, however, must comply with the statutory conditions regulating the maintenance of such an action. (Laws of 1931, chap. 561, as amd. by Laws of 1940, chap. 97.) The defenses are predicated on a failure to comply with the statute and therefore are valid. It is within the legislative competence to attach a condition to the maintenance of a comm on-law action as well as a statutory action. (Reining v. City of Buffalo, 102 N. Y. 308.) The statutory conditions apply alike to actions against the municipal corporation as well as actions against a 1 servant or employee thereof ’. (See Kaplan v. City of Poughkeepsie, 279 N. Y. 153.) ”
*776 In Graham v. Scripture (26 How. Prac. 501), a case cited with approval in Reining v. City of Buffalo (supra), a statute prohibited the maintenance of an action upon a judgment except upon leave of the court first had; the court said that there must be compliance with such condition and the court further held that an allegation of such leave must be pleaded and compliance must be proved by plaintiff.
Plaintiff in each case seeks to avoid the impact of section 14 of the Public Health Law by contending that it applies only to physicians. That contention has little merit for it takes away all meaning from the words ‘ ‘ officer or employee *. * * for alleged damages because of the manner in which * * * any act [was] done or failure to perform any act”. The other contention made is that when defendants were doing the acts alleged to have been done in the complaint, they were not acting in their official capacity. Each plaintiff points to paragraph “ 9 ” in the complaint which alleges that the acts were not done in defendants’ official capacity and were not done in good faith. Plaintiff has however alleged that defendants Bellizzi, Ortenzi, and Curran are employees of the State of New York, in the Bureau of Narcotic Control. The court takes judicial notice that such bureau is within the Department of Health. Section 14 says that no civil action against an officer or employee of •the department shall be brought in his personal capacity without leave of a Justice of the Supreme Court. Since defendants are such employees, plaintiff cannot by an allegation such as paragraph 9 of the complaint deprive the statute of efficacy.
The motion to dismiss the complaint was not made under CPLB 3211 (subd. [a], par. 3) (that the party asserting the cause of action has not legal capacity to sue) or paragraph 7 (the pleading fails to state a cause of action). Under the prayer for other and further relief, the motion to dismiss the complaint is granted under paragraphs 3 and 7.
The grant of this motion to dismiss the complaint does not deprive plaintiff of any remedy in this court. He can still seek leave of a Supreme Court Justice to commence the action. The statute does not provide that an application for leave to sue must be made on notice. If made ex parte, an affidavit of the applicant should be sufficient to convince the Justice that leave should be granted. I believe that the determination of whether the act of which plaintiff complains was or was not done “ while discharging his official duties ” “in good faith” are questions of fact which must be submitted to the jury before whom the trial is held, rather than before the Justice before whom the ex parte application is made. The issues are not *777 the kind that can be resolved summarily or preliminarily by the Justice to whom the application is made, because a plenary trial is required to resolve those issues.
Defendants also move to compel plaintiff to serve an amended complaint separately stating and numbering his causes of action, to have each paragraph state a single allegation and to amend the complaint to state more definitely and certainly his causes of action. A reading of the complaint shows that it is wordy and repetitive. The damages under the different causes of action are the same, even in the third cause of action which pertains to property damage only. Nevertheless, the complaint is sufficiently definite to require the denial of the motions. Defendants can secure details of the causes of action by demanding a bill of particulars which will limit the nature of the damages sought in each cause of action and which will provide definite statements of the specific nature of the claims made. On this basis, the motions are denied.
It might be mentioned that, in view of the dismissal of the complaint, consideration of the motion to compel the service of an amended complaint would seem to be moot. Should my ruling on the motion to dismiss be reversed on appeal, then the appeal court will be able to dispose of the entire motion, since I shall have exercised my discretion.