■ KENNETH HILD, Respondent, v. ALLSTATE INSURANCE COMPANY, Appellant.— Appeal from an order of the Supreme Court, entered June 7, 1971 in Schenectady County, which granted respondent's motion for summary judgment and denied that of appellant. Respondent, injured on October 14, 1967 when a motor vehicle he was operating collided with one driven by Walter J. Supley, Sr., was granted a default judgment against Supley and this action was instituted to recover the amount of that judgment, it being contended that Supley was appellant's insured. On September 6, 1967 appellant sent to Supley a notice of termination, effective September 28, 1967, and said notice was filed with the Commissioner of Motor Vehicles on October 25, 1967, within the 30-day limit prescribed by section 313 of the Vehicle and Traffic Law. Said section, rather than 347, controls (*Capra* v. *Lumbermens Mut. Cas. Co.*, 37 A D 2d 190, 193), and the policy was properly terminated and not in force and effect at the time of the collision. Order reversed, on the law, and appellant's motion for summary judgment dismissing the complaint granted, without costs. Herlihy, P. J., Reynolds, Greenblott, Cooke and Sweeney, JJ., concur.

■ EDWARD W. BREMER, Appellant, v. JOHN J. BELLIZZI et al., Respondents.— Appeal from an order of the Supreme Court at Special Term, entered in Albany County on February 13, 1969, which dismissed the complaint upon the ground that there was a failure to comply with section 14 of the Public Health Law. The requirement of obtaining permission from a Justice of the Supreme Court to commence an action such as the present one was recently considered by this court in the case of *Clark* v. *Cannizzaro* (37 A D 2d 634, 635). Order affirmed upon the opinion at Special Term (58 Misc 2d 773), without costs and without prejudice to such further proceedings as the plaintiff may be advised to institute. Herlihy, P. J., Reynolds, Greenblott, Cooke and Simons, JJ., concur.