Edward S. Conway, J.
This is a motion by the defendants Jeffrey J. Richardson and the New York State National Guard for an order dismissing the complaint in the above-entitled action on the ground that the court has no jurisdiction.
The action on which the instant motion is based arises out of an automobile accident that occurred on February 3, 1974. Defendant Richardson, a National Guardsman, was driving a motor vehicle owned by the New York State National Guard in the course of conducting a specific military mission and following specific military orders. The codefendant Murray is a civilian, driving his automobile. The plaintiff was allegedly driving his automobile in a westerly direction on McEntee Street in the City of Kingston following the Murray vehicle when a vehicle, operated by defendant Richardson in an easterly direction on McEntee Street, struck the Murray vehicle in a head-on collision, forcing it backwards into the plaintiff’s vehicle and causing the plaintiff injuries.
This action was commenced in New York State Supreme Court against Murray, Richardson and the New York State National Guard, and a notice of intention to file a claim was also filed in the New York Court of Claims.
The movants, Richardson and the New York State'National Guard, contend that there is a failure of jurisdiction in the Supreme Court as to them and the action against them may only be brought in the State Court of Claims because of the enactment of section 8-a of the Court of Claims Act.
*943 Section 8-a of the Court of Claims Act provides as follows:
‘ ‘ 8-a. 1. Torts of militia members and military and naval employees.
“ The state hereby waives its immunity from liability and action with respect to the torts of members of the organized militia and employees in the division of military and naval affairs of the executive department in the operation, maintenance and control of vehicles, including aircraft, owned by the state or issued or loaned or assigned to the state by the United States for the use of such organized militia or such employees, and in the operation, maintenance and control of armories devoted to the use of the organized militia of the state, while acting within the scope and in the performance of their duties in the military service of the state, except while engaged in the active service of the state pursuant to sections five, six or seven of the military law. The state hereby assumes such liability and consents to have the same determined in accordance with the same rules of law as applied to actions in the supreme court, provided the claimant complies with the limitations of this article. Nothing herein contained shall be construed to effect a waiver of immunity from liability and action or an assumption of liability with respect to the claim of any person in, or formerly in, the military service of the state, arising out of or in connection with such person’s military service on behalf of the state; nor shall anything herein contained be construed to affect, alter or repeal any provision of the military law or the workmen’s compensation law. The waiver of immunity and the assumption of liability contained in this section shall not in any event apply in circumstances where under the laws of the United States liability has been or is hereafter assumed by the United States, to the extent of such assumption of liability under the laws of the United States.
‘1 2. The state shall save harmless and protect all members of the organized militia or an employee of the division of military and naval affairs from financial loss arising out of any claim, demand, suit or judgment by reason of the alleged negligence or other act of any such member or employee, providing the member or employee, at the time the damages were sustained, was acting in the discharge of his duties and within the scope of his employment and that such damages did not result from the willful and wrongful act or gross negligence of such member or employee, and provided further that the member or employee shall, within five days of the time he is served with any summons, complaint, process, notice, demand or pleading, *944 deliver the original or a copy of the same to the attorney general. Upon such delivery the attorney general may assume control of the representation of such member or employee, and such member or employee shall cooperate fully with the attorney general’s defense.”
The State of New York by said section 8-a is now required to save harmless and indemnify Jeffrey Richardson from financial loss arising out of any claim or suit by reason of his alleged negligence. Therefore, any claim arising out of the operation of a National Guard vehicle would be considered only as a claim against the State, the real party in interest, and not the individual and should be brought only in the court of Claims. (See Bernhard v. Faulds, 47 Misc 2d 286, 287; Passamonte v. Pettit, 61 Misc 2d 124, 125.)
Since the State of New York can only be sued in the Court of Claims, the motion to dismiss as to the defendants Richardson and the New York State National Guard is therefore granted.