OPINION OF THE COURT
Martin B. Stecher, J.
Motions numbers 10 and 11 of the calendar of March 18, 1985 are consolidated for disposition.
In motion number 11 defendant Randy Schneider Segal moves for summary judgment dismissing the complaint (CPLR 3212) alleging, inter alia, that it fails to state a cause of action. In motion number 10 Marcy Schneider moves for an order dismissing the summary holdover petition in Ryger v Schneider and the complaint in Schneider v Ryger in this consolidated lawsuit on the grounds that the litigation has been rendered moot by Randy Schneider’s voluntary removal from the premises. Plaintiff Risa Ryger cross-moves for an order striking Marcy Schneider’s answer for failure to appear for an examination before trial. In addition, Ryger requests that costs and other sanctions be imposed upon Schneider and her attorney.
This is an action for a declaratory judgment brought by Risa Ryger to determine the respective rights of Risa Ryger and defendant Randy Schneider Segal in apartment 4B of premises 885 West End Avenue, New York, New York. The action has been consolidated with holdover proceedings commenced by Ryger against Marcy Schneider.
In 1978, at a time when Risa Ryger and Randy Schneider Segal were both law students at Columbia University, they *764 jointly leased the apartment. Both women lived there until 1982 when Randy Schneider Segal left to accept a one-year appointment as a law clerk to a Judge in Texas. Upon Randy’s removal to Texas, Randy’s sister, Marcy Schneider, moved into the apartment, presumably in her sister’s place.
In June 1983, while Randy was still in Texas, the lease on the apartment came up for renewal. Marcy sent Randy the landlord’s proposed renewal lease which Randy executed and then returned to Ryger. Ryger added her own signature and forwarded the tenant-executed renewal to the landlord.
Randy and Risa subsequently married. Randy, now Mrs. Segal, has returned to New York and lives with her husband and child elsewhere in Manhattan. Risa and her spouse continue to reside in the subject apartment. (Marcy occupied the apartment with Risa and Risa’s husband up to a date subsequent to the commencement of the holdover proceeding, when she quit the premises.) Both Risa Ryger and Randy Segal claim the right to occupy the apartment. (As may be expected, since the submission of this motion, a preliminary prospectus has been filed for a cooperative conversion of the building. Both women have expressed interest in the offering.)
Plaintiff seeks a judgment declaring that defendant Segal has no right to use or occupy the apartment since it no longer is her "primary residence.” She also seeks reformation of the renewal lease to name Ryger as the sole tenant on the grounds that defendant Segal’s renewal was fraudulent in that she did not intend to return to the apartment.
Ryger argues that the issues raised by Segal were resolved in plaintiff’s favor on an application for a preliminary injunction; that such determination is the law of this case; and therefore dispositive of this motion.
The grant (or denial) of a preliminary injunction does not constitute the law of the case since it serves merely to hold the matter in status quo until an opportunity is afforded to decide the case on the merits (see, Walker Mem. Baptist Church v Saunders, 285 NY 462, 474; Gambar Enters. v Kelly Servs., 69 AD2d 297, 306; Brettschneider v Brettschneider, 113 Misc 2d 861, 865).
Ryger’s contention that the change in Segal’s primary residence constitutes an abandonment of her tenancy in the apartment and therefore creates an exclusive right in Ryger is without merit. While the Rent Stabilization Law of 1969 (Administrative Code of City of New York § YY51-3.0 [a] [1] [f]) *765 permits a landlord to challenge the claimed right of a tenant to renewal because of nonprimary residence, the statute does not extend such rejection rights to a cotenant seeking to terminate the rights of another cotenant, such as Mrs. Ryger. And should the landlord, in whom this right is vested, nonetheless issue a lease, he may not thereafter during the term of the lease, deny the tenant any of his rights because of nonprimary occupancy (Consolidated Edison Co. v Ten W. 66th St. Corp., 61 NY2d 341).
Nor does there appear to be any cause of action under the Real Property Actions and Proceedings Law. RPAPL 621 permits a cotenant to assert his cotenancy right to possession; but it does not permit one cotenant to acquire exclusive possession at the expense of another cotenant. RPAPL 633 provides a cause of action to a cotenant to recover his undivided share in property only if he has been ousted by his fellow cotenant. There is no allegation that Segal has ousted Ryger.
Plaintiff has demonstrated no statutory predicate for her claim to sole tenancy, nor has she established fraud by Segal in procuring or executing the renewal. The alleged "fraud” was Segal’s execution of the renewal without intending to return and occupy the apartment. There is no fraud on Ryger. Clearly, in her answering affidavit Ryger asserts that Segal informed her of her intention not to return to the apartment. This conversation occurred subsequent to the time Segal executed the renewal and before Ryger returned the executed renewal to the landlord. (It does not appear that there is any claim of fraud on the landlord, a claim only the landlord could assert.)
Ryger signed the renewal after Segal did with knowledge of Segal’s impending marriage and Segal’s decision to live with her husband in "a non-communal setting.” Under these facts alleged by plaintiff, no misrepresentation is alleged much less reliance thereon. The lease was signed by Ryger knowing that Segal was no longer occupying the premises. Under such circumstances, as a matter of law, the parties agreed to continue the cotenancy. Nor is a mutual mistake as to a material fact alleged which would warrant the reformation requested. Indeed, this relief would grant plaintiff a greater interest in the premises than the parties intended, and such a result may not be obtained through reformation (Da Silva v Musso, 53 NY2d 543, 552; Surlak v Surlak, 95 AD2d 371, 380).
*766 No material issue of fact appears to be in dispute and summary judgment declaring the rights of the parties, vis-ávis each other is in order:
Plaintiff Risa Ryger and defendant Randy Schneider Segal are cotenants of apartment 4B of 855 West End Avenue in New York County, under the lease dated August 18, 1978, and renewed or extended by instrument dated June 30, 1983.
Both, for the purposes of the right to subscribe to cooperative shares, are "tenants in occupancy,” irrespective of Segal’s actual residence elsewhere (Burns v 500 E. 83rd St. Corp., 59 NY2d 784; Ian v Wassberg, 55 NY2d 706).
On the tender of subscription rights by the sponsor, neither Ryger nor Segal shall have an individual right to subscribe, but they may jointly file a subscription agreement (Spitalnik v Springer, 59 NY2d 112).
The related proceedings in which Marcy Schneider is a party are dismissed as moot. All other motions are denied and claims dismissed; and it is premature, at this point to declare any further rights of the parties in anticipation of what may occur hereafter.