OPINION OF THE COURT
Jay Stuart Dankberg, J.
"Jurisdiction exists that rights may be maintained. Rights are not maintained that jurisdiction may exist” (Berkovitz v Arbib & Houlberg, 230 NY 261, 274 [Cardozo, J., 1921]).
This lawsuit is a holdover summary proceeding brought to evict three named respondents. It is alleged that respondent Jeanne-Marie Phillips — the lease-holding tenant — unlawfully sublet or assigned the subject apartment to the remaining respondents, Pamela Phillips (her sister) and Laurie Grieve.
*991 In their answer, Pamela and Jeanne-Marie Phillips assert a cross claim against corespondent Laurie Grieve in which her eviction and damages for rent arrears and utility payments are sought. Respondent Grieve, in turn, pleads a cross claim against corespondents Phillips for recovery of damages for rent overcharges.
The subject of cross claims in a summary proceeding is the rather simple field upon which the present litigants join in battle (by way of motions seeking summary judgment and other relief). Yet it is a joust which reveals differences between two respected legal commentators in discussions regarding the interrelationship between CPLR 402 and 3011.
ISSUES
The main issue in this matter, upon which there is surprisingly no reported case in New York, is whether a cross claim seeking the eviction of a corespondent (or any other relief) may be interposed in a summary proceeding.
Related questions presented include whether a party needs prior court permission to properly plead a cross claim. Also to be determined is whether failure to have obtained such permission is fatal to the pleader.
Although antecedents date back at least to 1864, these related issues have rarely been discussed in reported decisions involving "special proceedings” (CPLR art 4 — of which "summary proceedings” are but one type). These ancillary issues have never been determined within the context of a reported summary proceeding.
This is a determination, therefore, of first impression in several respects.
DISCUSSION
CPLR article 4 governs special proceedings in general and provides a uniform procedure for areas not covered by the specific special proceeding statutes (here, RPAPL art 7).
CPLR 402 provides that: "[t]here shall be a petition, which shall comply with the requirements for a complaint in an action, and an answer where there is an adverse party. There shall be a reply to a counterclaim denominated as such and there may be a reply to new matter in the answer in any case. The court may permit such other pleadings as are authorized in an action upon such terms as it may specify” (emphasis supplied).
*992 On the other hand, CPLR 3011 provides, in uncomplicated fashion, that "[a]n answer may include a * * * cross-claim against a defendant.”
Is prior court approval required in order to properly plead a cross claim in a summary — or any other type of special— proceeding?
It is undisputed in this case that no such court permission was either sought or obtained for the cross claims asserted. Here, the respective cross claims of the three corespondents have been interposed and served in general compliance with CPLR 3011.
Of course, in regular plenary actions, since a cross claim may be included in an answer as a matter of right (pursuant to CPLR 3011), no prospective pleading permission is preliminarily prescribed.
But what about in a summary — or other special — proceeding?
In this regard, Professor David Siegel indicates that in a special proceeding "[t]he answer may contain a counterclaim, and presumably it may contain a cross-claim if there should be multiple respondents * * * Any further pleadings require court leave, just as in an action [citing CPLR 402, 3011]” (Siegel, NY Prac § 552, at 769-770 [emphasis added]; but see, id., § 577, at 812). Reference to no statutory, case law or other authority is made for the clause that begins "presumably it may contain a cross-claim”.
Weinstein-Korn-Miller disagree. At paragraph 3019.16 of 3 New York Civil Practice, it is stated that "[c]ross-claims may be asserted in special proceedings only with the permission of the court [citing a case]. See CPLR 402. Judicial control over cross-claims is necessary in order to assure that the special proceeding is determined as expeditiously as possible and not detained or proliferated by marginal or unrelated claims. Under prior law, the cross-claim was held inapplicable to special proceedings [citing cases] and the grant of judicial power to permit a cross-claim therefore constitutes a liberalization of former practice” (emphasis supplied).
Reading the two comments together results in a muddle of a procedural morass (what Stan Laurel and Oliver Hardy would call "a fine mess”).
Eminent jurist Judge (now Justice) Felice K. Shea noted: "[t]he law with regard to service of cross claims is less than clear and should be applied with a view to effectuating com *993 mon sense results and * * * considerations of justice” (Meckley v Hertz Corp., 88 Misc 2d 605, 606 [Civ Ct, NY County 1976]).
The Meckley decision (supra) was in the context of a plenary action. The instant lawsuit is a special summary proceeding— litigation "governed entirely by statute * * * [T]here must be strict compliance with the statutory requirements * * * The essentials of the petition and notice of petition are specifically regulated and strictly construed” (Goldman Bros. v Forester, 62 Misc 2d 812, 814-815 [Civ Ct, NY County 1970, Myers, J.]).
Accordingly, to this court it seems the better view is that expressed by Weinstein-Korn-Miller. After all, it has been held that "the better practice requires court permission in view of the summary nature of a special proceeding” (Michigan Assocs. v Emigrant Sav. Bank, 74 Misc 2d 495, 503 [Civ Ct, Queens County 1973, Cohen, J.]; see also, 1025 Fifth Ave. v Marymount School, 123 Misc 2d 756, 760, 763 [Sup Ct, NY County 1983, Greenfield, J.]).
Moreover, "[t]he Legislature has the power to attach a condition to the maintenance of any action and the requirement that a [judicial officer] shall grant leave is one such condition” (Wolfe v Bellizzi, 58 Misc 2d 773, 775 [Sup Ct, Schenectady County 1969, O’Brien, J.], affd sub nom. Bremer v Bellizzi, 37 AD2d 1041 [3d Dept 1971]).
If such condition precedent exists (as here), an allegation of such judicial permission must be pleaded in the petition/complaint and compliance proven upon the trial (Reining v City of Buffalo, 102 NY 308 [1886]; Wolfe v Bellizzi, supra; Graham v Scripture, 26 How Prac 501 [Sup Ct, St. Lawrence County 1864]).
Since the respective respondents in this summary proceeding have interposed cross claims without prior leave of court, they have done so in violation of CPLR 402. This circumstance alone — if not in the additional interest of preserving petitioners’ right to a summary disposition of the holdover proceeding-in-chief — compels dismissal of the cross claims.
However, in view of the authority contained in CPLR 402 for the court to "permit such other pleadings as are authorized in an action upon such terms as it may specify”, the question remains whether interpretation of such language may permit interposition in a summary proceeding of a cross claim seeking eviction of a corespondent.
There is no statutory or prior case law prohibition to the *994 granting of leave to plead a cross claim in the manner already interposed by respondents Phillips. Since CPLR 402 authorizes the court to "permit such other pleadings as are authorized in an action” (emphasis added), it might be argued that a cross claim for relief obtainable only by special proceeding would fall outside the statutory grant of authority. While somewhat persuasive, this court must also remain mindful that, pursuant to CPLR 105 (b), "[t]he word 'action’ includes a special proceeding”.
A look to the legislative intent underlying CPLR 402 yields helpful yet, unfortunately, inconclusive guidance. The Sixth Report to the Legislature by the Senate Finance Committee Relative to the Revision of the Civil Practice Act (1962 NY Legis Doc No. 8, at 127) proposed in a preliminary draft: "there could be 'such other pleadings as are authorized in an action’ in the parties’ discretion.” This language was changed in the final draft to require permission of the court for any pleading after an answer and reply.
The theory of special proceedings is that they shall proceed as expeditiously as possible with control by the court at a very early stage (see this court’s decision in Manhattan Plaza v Snyder, 107 Misc 2d 470, 477 [Civ Ct, NY County 1980]). "Impleader and cross-claims therefore should be controlled by the court to prevent any unnecessary delay and confusion” (Legislative Studies and Reports, McKinney’s Cons Laws of NY, Book 7B, CPLR 402, at 485).
In the absence of authority to the contrary, and in light of the broad power granted in RPAPL 747 (1) ("[t]he court shall direct that a final judgment be entered determining the rights of the parties”), the Civil Court possesses subject matter jurisdiction in a summary proceeding regarding a cross claim which seeks the eviction of a corespondent.
However, in view of the "legislative intent” considerations (supra), this court concludes that cross claims seeking a possessory judgment should rarely be permitted in a holdover summary proceeding (see, Ryger v Segal, 129 Misc 2d 763 [Sup Ct, NY County 1985, Stecher, J.], regarding the difficulty a tenant faced in attempting to oust a cotenant from exclusive possession; see also, RPAPL 621, 633). Such determination, of course, is entirely different from the ability of a court (or, indeed, legislative mandate), pursuant to statute (such as CCA 110 [b], [d]) to direct a consolidated or joint trial of two or more actions/proceedings which share common questions of *995 law and fact or to direct impleader "in order to effectuate proper housing maintenance standards and to promote the public interest” (CCA 110 [d]; see, Manhattan Plaza v Snyder, supra, at 476; see also, cases cited, at 471, which permit and reject requested impleader of various bureaucracies and individuals, including a "cotenant” in 72d Tenants Corp. v Rosen, NYLJ, Dec. 26, 1973, at 16, col 2 [Civ Ct, NY County, Marks, J.]).
In addressing the related issue of the propriety of impleader in summary proceedings, Professor David Siegel submits that "[s]eldom can a summary proceeding be justifiably held up while the respondent uses the petitioner’s proceeding for his own dispute with his own respondent” (Siegel, NY Prac § 577, at 812).
While this court felt that the facts and public policy considerations mandated impleader in the Manhattan Plaza case (supra), the situation is entirely different in the instant proceeding. Here, the petitioners seek possession on the ground the tenant sublet the apartment without consent and in violation of Real Property Law § 226-b. The issues presented by respondents Phillips’ cross claim for possession against corespondent Grieve do not, in any way, overlap with those presented by the petitioners; in fact, the cross claim implicitly presumes the outright failure of petitioners’ claim-in-chief in its assertions against corespondent Grieve (i.e., if petitioners would be successful, of course, respondents Phillips could have no right of possession of the apartment regarding anyone, much less vis-á-vis corespondent Grieve).
Therefore, to allow the cross claim in this proceeding would delay final determination of the case-in-chief by commingling matters not related thereto and, thus, be entirely contrary to the legislative intent of providing petitioners with an expeditious procedure.
In short, while within the subject matter jurisdiction of the Civil Court, respondents Phillips’ attempted cross claim is in violation of both the letter and the spirit of CPLR 402.
SERVICE OF "CROSS CLAIM”
Finally, the court finds that there has been, in any event, no personal jurisdiction obtained regarding the cross claim of respondents Phillips.
CPLR 103 (b) provides, in relevant part, that "[a]ll civil judicial proceedings shall be prosecuted in the form of an *996 action, except where prosecution in the form of a special proceeding is authorized.”
Here, prosecution in the form of a special proceeding is specifically authorized by RPAPL 713 (7) for the relief sought by respondents Phillips. Therefore, the proceeding must be commenced by service of a petition and notice of petition (RPAPL 731 [1]). A "cross claim” for a possessory judgment, if it were permitted at all in light of CPLR 402, thus would have to be interposed by "cross petition” and "notice of cross petition”. There has been no compliance with this procedure by respondents Phillips.
While "a civil judicial proceeding shall not be dismissed solely because it is not brought in the proper form”, a court "shall make whatever order is required for its proper prosecution” (i.e., conversion of a cross claim into a cross petition) only if it "has obtained jurisdiction over the parties” (CPLR 103 [c]; see, Teachers Coll. v Wolterding, 77 Misc 2d 81, 82 [App Term, 1st Dept 1974]).
Here, respondents Phillips have failed to offer any proof regarding their cross claim indicating compliance with the service requirements of a pleading in a summary proceeding (RPAPL 731 [1]; 735). As a matter of law, without prior court permission, service of a bare purported "cross claim” does not suffice to obtain personal jurisdiction in a summary proceeding (see, Matter of Fitzgerald v Conway, 191 Misc 1048, 1051 [Sup Ct, Albany County 1948]).
"[A]ctual notice alone, unaccompanied by a valid jurisdiction-acquiring act, is legally insufficient” to acquire personal jurisdiction on the cross claim against corespondent Grieve (City of New York v Chemical Bank, 122 Misc 2d 104, 106 [Sup Ct, NY County 1983, Evans, J.]).
Accordingly, in a "search of the record” on the summary judgment motions, respondents Phillips’ cross claim against corespondent Grieve is dismissed.
The motion by respondents Phillips for an order of dismissal of corespondent Grieve’s cross claim is granted since it too was asserted in violation of CPLR 402.
Respondents Phillips’ further motion to dismiss the petition is denied. The cross motion by petitioners, insofar as not determined supra, is also denied. Triable factual issues exist which preclude determination of this litigation upon the submission of written papers alone regarding the occupancy of the apartment by respondents Phillips and Grieve.
*997 The above decision illustrates that the race may, indeed, belong to the swift, but true justice is best achieved by a calm, careful application of applicable rules of law and procedure to each factual situation presented.
Settle order, including a proposed date for the case to be restored to the Calendar of Trial Term, Part 18.