OPINION OF THE COURT
Carl O. Callender, J.
This case raises the question: may a tenant who has signed a court stipulation (that has not been so ordered by the court) have a final judgment and a warrant of eviction issued against her when she has never been sued by the petitioner in a summary proceeding? The attorney for the landlord says yes. He indicates his agreement with that proposition by moving *998 for a final judgment and warrant of eviction against the tenant, Mae King, under index numbers 79054, 79057, 79058, 81026-81034 and 81036-81041, 18 index numbers. None of these 18 index numbers name this tenant as a respondent therein. The landlord admits that the tenant was never sued as a respondent, but contends that since she signed a stipulation that was also signed by the named parties therein, she receives the same benefits and should be held to the same sanctions upon default as the parties therein. The attorneys for both sides said they thought the tenant would be subject to the same sanctions and remedies as the named parties. They both agreed that under the stipulation in question a final judgment and warrant of eviction could be issued. I disagree.
Some of the relevant terms of the stipulation are as follows:
1. Paragraph 2 states that "all cases as indicated by the index numbers above are joined for purposes of trial, hearings or applications but this shall not bar the court from making decisions, judgments or orders from time to time which apply to particular tenants only.”
2. Paragraph 4 states that "the stipulation shall be binding on the Petitioner, all Respondents who have appeared herein and who have signed this agreement, the tenants association and its officers, and, in addition any tenants who have not been sued or appeared in these proceedings but who, as of the date hereof, have deposited their rental arrears with the Tenants Association and who sign this agreement, or a counterpart thereof and deliver a copy of said signed agreement to Petitioner’s attorney by September 22,1989.”
3. Paragraph 14 of the stipulation mandates that upon substantial completion of all repairs the tenants are required to pay all rents accrued through August 31, 1989 less a 50% abatement.
4. The closing paragraph of the stipulation (16) says that "all pending cases shall be removed from the trial calendar subject to restoration on five days notice in the event any party wishes to apply for any available relief.”
The owner of the premises claims that because the tenant has failed to comply with the terms of the stipulation, a final judgment should be awarded and warrant of eviction granted against her.
In fact, if the tenant failed to comply with paragraph 4 of the stipulation, both parties to the agreement have already stated that the stipulation would have no binding effect on the *999 tenant. The owner alleges in the motion papers that the tenant failed to deposit her arrearages with the tenants association as was required by paragraph 4. Nor has there been a claim that she delivered a copy of the signed agreement to the petitioner’s attorney. This was also required by paragraph 4. Thus, there is no basis for the assertion that the parties contemplated that the tenant in question should be bound by the terms of the stipulation.
An additional question is even if the terms of the stipulation were found to have a binding effect as contemplated by the parties to the agreement, should that agreement be deemed to confer jurisdiction of the court in a summary proceeding?
The petitioner of the aforementioned index numbers acknowledges that the tenant is not a party to any of these proceedings. There is no allegation of service of a notice of petition and petition, or that the tenant has been afforded an opportunity to present an answer or have a trial.
RPAPL 711 requires that a person who has been in possession for 30 consecutive days shall not be removed from possession except in a special proceeding. That section also requires a rent demand and a default in the payment of the rent. RPAPL 731 requires that a special proceeding be commenced by the service of a notice of petition and a petition. RPAPL 747 and 749 refer to the circumstances under which a final judgment and warrant of eviction may be granted. These sections envision that the parties to a proceeding such as a petitioner who is required to commence the proceeding, and the respondent, who is sued with the notice of petition and the petition, are properly before the court. There is no evidence that the tenant in question has been served with any papers in any manner consistent with the requirements of RPAPL 735. Nor has any evidence been shown that the tenant has made the kind of voluntary appearance that makes her subject to the jurisdiction of the Housing Court in a summary proceeding. (See, Havemyer v Luttinger, 155 Misc 586 [1935]; Matter of Wythe v White, 150 Misc 405 [1933].)
Thus, no proceeding has been commenced against the tenant, and there has been no compliance with the normal requirements of service as well as pleadings in summary proceedings. Accordingly the petitioner’s application must be denied. (See, Balaban v Phillips, 138 Misc 2d 990 [1988]; see also, Grove St. Realty v Testa, 100 Misc 2d 278 [1979].)
*1000 As RPAPL 747 states: "The court shall direct that a final judgment be entered determining the rights of the parties.” Since there are no parties before the court, and no proceeding, certainly no final judgment or warrant of eviction can be issued. The mere signing of a stipulation such as the one in the instant case is insufficient to confer jurisdiction of the Housing Court over the tenant. The stipulation also fails to clearly indicate that the signatories who have not been sued have by attaching their signatures to the agreement subjected themselves to a final judgment or warrant of eviction. Accordingly, the motion is denied in all respects.