■ ROBERT M. GOLD et al., Appellants, v NEW YORK STATE BUSINESS GROUP, Inc., et al., Respondents. [679 NYS2d 476] —Yesawich Jr., J. Appeal from an order of the Supreme Court (Harris, J.), entered September 26, 1997 in Albany County, which granted defendants' motion to dismiss the complaint as time barred.

As alleged in the complaint, on December 21, 1988, defen-

dant New York State Business Group, Inc. (hereinafter NYSBG) conveyed a parcel of real property to plaintiff Robert M. Gold (hereinafter plaintiff), its sole shareholder. Plaintiff contends that at the time of the alleged conveyance, he gave the deed to defendant Barry Gold (hereinafter Gold), who was serving as attorney for both grantor and grantee, so that Gold could have it recorded. Gold apparently never did so but plaintiff assertedly did not become aware of that fact until November 1994, when he attempted to locate the deed in connection with a pending divorce action. Meanwhile, in April 1994, plaintiff had sold all of the stock of NYSBG to defendant Conference BG Corporation, both parties to the sale evidently believing that the property was not an asset of the corporation being sold, but rather that record title thereto was vested in plaintiff individually.

Gold evidently thereafter refused to release the deed to plaintiff, prompting the latter to file the instant complaint in which he asserts two causes of action against NYSBG, Conference and Gold. The first cause of action is styled as a claim "based upon mistake of fact", and the relief sought is an order directing Gold to release the unrecorded deed or mandating that NYSBG execute and deliver a new one. The second cause is one to quiet title to the property. Defendants moved to dismiss the complaint as untimely; their motion was granted, prompting this appeal.

We concur with Supreme Court that the first cause of action must be dismissed, albeit for a different reason: that claim simply fails to state any cognizable basis upon which plaintiffs might obtain relief. In the context of a legal action: " '[m]istake' has been variously defined as that result of ignorance of law or of fact which has misled a person to commit that which, if he had not been in error, he would not have done, and as some unintentional act or omission or error, arising from ignorance, surprise, imposture, or misplaced confidence" (77 NY Jur 2d, Mistake, Accident or Surprise, Definitions, at 332; *see*, 54 Am Jur 2d, Mistake, Accident, or Surprise, § 1 [1971 ed]). A person who has been induced to act, or to refrain from acting, because of such a misconception may, under certain circumstances, prevail upon the court to order the undoing of that action (typically, the execution of a contract, lease, or deed), on the ground that it was the product of a mutual—or in some cases, unilateral—"mistake".

Here, however, the only "mistake" to which plaintiff alludes is his belief that the deed had been recorded, and he does not allege that he performed any act (or refrained from acting)

because of this mistaken belief (*see, Rose Lee Mfg. v Chemical Bank*, 186 AD2d 548, 550). Noticeably absent from the complaint is any allegation that plaintiff would have acted differently had he known the truth. Nor does he seek cancellation or reformation of the stock purchase agreement, or annulment of any other act purportedly induced by virtue of the alleged mistake. Neither has he set forth the necessary elements of a cause of action sounding in replevin, upon an alleged bailment of the deed, or a claim of negligence, fraud or legal malpractice against Gold. Regardless of how charitably they are viewed, the allegations comprising plaintiff's first cause of action simply do not form any basis upon which he might be entitled to a recovery. Hence, that cause of action was correctly dismissed (*cf., Penato v George*, 52 AD2d 939, 941, *appeals dismissed* 42 NY2d 908).*

The second cause of action must, however, be reinstated, for the right of a party presently in possession of real property allegedly deeded to it, to quiet title to that property, is a continuing one (*see, Orange & Rockland Utils. v Philwold Estates*, 52 NY2d 253, 261). Given plaintiff's uncontroverted averment that he possessed the property in question, and exercised sole dominion and control over it, from 1988 until the commencement of the action in 1997, his second cause of action should not have been dismissed as untimely.

Mercure, J. P., Crew III, Carpinello and Graffeo, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as granted defendants' motion with regard to plaintiff's second cause of action; motion denied regarding said cause of action; and, as so modified, affirmed.

---

* Although defendants sought to dismiss the complaint only on the ground of untimeliness, it is necessary, as an initial step in ascertaining the proper Statute of Limitations, to determine the true nature of the cause of action (*see, Western Elec. Co. v Brenner*, 41 NY2d 291, 293; *European Am. Bank v Cain*, 79 AD2d 158, 162). Where, as here, that analysis reveals that no legally viable claim has been stated, the cause of action must be dismissed as insufficient (*cf.*, Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3211:37, at 52; *Wolfe v Bellizzi*, 58 Misc 2d 773, 776, *affd sub nom. Bremer v Bellizzi*, 37 AD2d 1041).